PEOPLE *v.* THOMAS

1. Indictment and Information—Statutorily-Created Offense—
   Exceptions—Narcotics.

   The statutory provision that an indictment charging a statutorily-
   created or defined offense is not objectionable because it fails
   to negative any exception, excuse, or proviso contained in the
   statute creating or defining that offense applies to a prosecu-
   tion for unlawful possession of narcotics; therefore where the
   prosecution has established the essential elements relating to a
   defendant's possession of narcotics, it is not required to prove
   that defendant had no license to possess them legally, but it
   is incumbent upon the defendant, if he wishes to defend by
   showing that he was licensed to possess narcotics, to produce
   evidence tending to show that fact (MCLA §§ 335.102, 767.48).

2. Searches and Seizures — Arrest — Without Warrant —
   Evidence — Narcotics — Admissibility.

   Objection to the admissibility of narcotics which police officers
   seized from defendant without a search or an arrest warrant
   raised for the first time on appeal is not considered where
   defendant failed to move to suppress the evidence either before
   or during trial and failed to object to its admission when
   offered.

3. Criminal Law—Narcotics—Unlawful Possession—Evidence.

   Testimony by police officer that he saw defendant throw narcotics
   out of an apartment window, if believed, was sufficient to
   support a finding that defendant had possession or control
   of the narcotics illegally.

---

References for Points in Headnotes

[1]  41 Am Jur 2d, Indictments and Informations § 98 *et seq.*
[2]  5 Am Jur 2d, Appeal and Error § 545.
[3]  25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45, 47.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J.    Submitted Division 1 May 12, 1970,
at Detroit.    (Docket No. 7,415.)    Decided August
25, 1970.

Maurice Thomas was convicted of unlawful pos-
session of narcotics.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas R. Lewis,*
Assistant Prosecuting Attorney, for the people.

*Gerald F. Wigle,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and
CHURCHILL,* JJ.

R. B. BURNS, P. J.  Defendant appeals his con-
viction by a jury of the crime of unlawful possession
of narcotics.  MCLA § 335.153 (Stat Ann 1957 Rev
§ 18.1123).

The only testimony relating to the circumstances
of the offense was that of the arresting police of-
ficers.  They testified that shortly after midnight
they went to an apartment building at 83 Edmund
Place in Detroit after receiving radio information
that robbery suspects had been seen entering the
building.  Three of the officers went into the build-
ing while the fourth went around to the rear where
he saw defendant drop a gun and narcotics from
the window of apartment 215, which was known to
be frequented by narcotics addicts.  After hearing
what he had observed the officers who were inside

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the building knocked on the door of the apartment several times, received no response, and forced their way in.  Defendant was found standing alone in the apartment and was placed under arrest for violation of the narcotics laws.  The police had neither arrest nor search warrants.

Defendant contends that an essential element of the offense was not established because the people failed to introduce proof that he was unlicensed to possess the narcotics (principally heroin) and therefore the conviction cannot stand.  The people contend the excuse of license must be proven by the defendant.  In *People* v. *Baker* (1952), 332 Mich 320, a defendant was tried and convicted of violation of MCLA § 335.102 (Stat Ann 1970 Cum Supp § 18.1102) which now reads:

"It shall be unlawful for any person, firm, partnership, association or corporation, other than a drug manufacturer or wholesaler, licensed physician, licensed dentist, licensed veterinarian, licensed druggist or pharmacist, hospital, or police or public health laboratory, to have in possession any barbituric acid and any of its derivatives, chloral hydrate, paraldehyde, or amphetamine and methamphetamine and their salts and derivatives, unless the same are contained in the original container, as dispensed to them."

On appeal it was urged that the conviction could not be sustained because the people failed to prove that defendant was not any of the parties enumerated under the statute.  The Court said:

"The people urge that proof of the negative allegations set forth in the statute, being within the knowledge of defendant, she must show that she comes within the exceptions.  The people also urge that under CL 1948, § 767.48, it was not necessary to aver the negative allegations mentioned in the

statute and therefore not incumbent upon the people to prove the same.

"Section 767.48, CL 1948 (Stat Ann § 28.988), provides:

" 'No indictment for any offense created or defined by statute shall be deemed objectionable for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense. The fact that the charge is made shall be considered as an allegation that no legal excuse for the doing of the act exists in the particular case.'

"We concur with the people's claim and hold that it was not necessary to allege or prove the negative allegations."

MCLA § 335.153 (Stat Ann 1957 Rev § 18.1132) states that "Any person not having a license as required under the provisions of Act No 343 of the Public Acts of 1937, as amended, being sections 335.51 to 335.78, inclusive, of the Compiled Laws of 1948, who shall possess or have under his or her control any narcotic drug shall be deemed guilty of a felony." We hold that MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) is applicable in a prosecution for unlawful possession of narcotics as it is applicable in a prosecution for unlawful possession of barbiturates. The essential elements of the offense were established by the prosecution. If the defendant wished to defend by showing that he had a license, it was incumbent upon him to produce evidence tending to show that fact.

Objection to the admissibility of the narcotics as evidence because they were seized without a search or arrest warrant is raised for the first time on appeal. No motion to suppress was made before or during trial, nor was any objection made to the admission of the evidence when offered. We see no need to further consider this issue.

Defendant contends that insufficient evidence was introduced to convict him of the offense of unlawful possession of narcotics. As the Court in *People* v. *Harper* (1962), 365 Mich 494, 507, said:

"[T]he possession of narcotics forbidden by the Michigan act is broad enough to include narcotics knowingly placed in the trunk of one's automobile as well as narcotics held in one's hands. The control of narcotics forbidden by the act without qualifying language, is broad enough to include any right to direct disposition of narcotics exercisable by any person, whether or not the owner of the narcotics."

The testimony of the police officer that he saw defendant throw the contraband from the window, if believed, is sufficient to support a finding that defendant had possession or control and is sufficient to support the conviction beyond a reasonable doubt.

Affirmed.

All concurred.