PEOPLE *v* GRIFFIN

POISONS—NARCOTICS—MARIJUANA—STATUTES.

Defendant's conviction, on his plea of guilty, of third-offense possession of marijuana was invalid and defendant was ordered discharged where that statute which defendant was held to have violated classified marijuana as a narcotic (MCLA 335.153).

Appeal from Kent, John T. Letts, J. Submitted Division 3 February 8, 1972, at Lansing. (Docket No. 9097.) Decided March 27, 1972.

Johnnie Griffin was convicted, on his plea of guilty, of third-offense possession of marijuana. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

---

REFERENCE FOR POINTS IN HEADNOTE
25 Am Jur 2d, Drugs, Narcotics and Poisons § 16.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for defendant on appeal.

Before: McGREGOR, P. J., and LEVIN and TARGON-SKI,* JJ.

McGREGOR, P. J. Defendant was convicted upon his plea of guilty to third-offense possession of marijuana, MCLA 335.153; MSA 18.1123.

At the time of plea acceptance, a jury trial was pending on a charge of unlawful sale. MCLA 335.152; MSA 18.1122.

In a re-arraignment proceeding, defense counsel stated:

"We have explained to him that this charge (unlawful sale) has been pending for more than a year, and that the court did grant us an adjournment from January 23d to this date." (April 8, 1968.)

At the request of defense counsel, defendant was allowed to address the court and made the following request:

"Your Honor, what I would like to say and ask for the adjournment, Mr. Meana [*defense counsel*] has a brief that he is going to file in my behalf which he told me would be of help to me. And I paid Mr. Meana $975, and to file this brief would cost me a thousand dollars, and I didn't have this thousand dollars all in one time. So I don't expect for him to do anything, but I would like to have time in order to work and get the money so that he could file this brief in my behalf."

The additional $1,000 was for research and preparation of briefs on a Detroit Recorder's Court case

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dealing with punishment and other narcotic constitutional issues. Defendant's attorney testified:

"We discussed the economic aspects of this with Mr. Griffin quite extensively and we did so repeatedly. We have informed him continuously that this matter was adjourned to this date certain for the accomplishment of that brief, and if the brief were not filed and ruled favorably in his favor the case would be tried today."

The trial court refused to delay the trial:

"I won't adjourn it for the purpose of you getting more money on this sort of thing. You should be able to make some sort of arrangements with Mr. Meana. But this is ready for trial, as far as the court is concerned. I think we ought to proceed to trial or whatever other disposition is necessary.

"*Mr. Meana:* Do you understand, Johnnie, that the court has denied the request for adjournment?

"*Mr. Griffin:* Yes, sir.

"*Mr. Meana:* O.K., is it now your intention to proceed to trial, or do you wish to plead to the second count on the amended information?" [Possession of narcotics, third-offense.]

After a 20-minute conference between defendant and his attorney, a plea of guilty was entered to third-offense of possession of narcotics. Sentence was from 20 to 40 years, pursuant to MCLA 335.153; MSA 18.1123.

Defendant appeals his conviction on the grounds that he was denied effective assistance of counsel and that his plea of guilty was coerced.[1]

---

[1] Because of the disposition of this case, due to the unconstitutionality of the statute under which defendant Griffin was convicted, there is no need to decide defendant's contention that he was denied effective assistance of counsel and that his plea of guilty was coerced. However, we are constrained to conclude that the conduct of defendant's attorney was not commendable. Our reading of the transcript leaves us with the impression that

In *People* v *Sinclair*, 387 Mich 91 (1972), the Supreme Court declared that marijuana is improperly classified as a narcotic and held that such classification is unconstitutional.[2] Sinclair's conviction of possession of marijuana was reversed and Sinclair was discharged. For the reasons stated in *Sinclair*, the defendant's judgment of conviction of possession of marijuana is reversed and set aside, and the defendant discharged.

All concurred.

defendant's attorney was more concerned with his pocketbook than the welfare of his client. Such conduct must not and should not be tolerated if we are to maintain the high standards and integrity of the Bar which are required of all attorneys by the Canons of Professional Ethics, specifically Canons 5 and 44.

[2] T. M. KAVANAGH, C. J., and SWAINSON and WILLIAMS, JJ., all agreed that the classification was unconstitutional as a violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution. T. G. KAVANAGH, J., also ruled that the marijuana law was unconstitutional, but on the grounds that it violated the constitutionally-protected right of privacy.