PEOPLE v CANNON

OPINION OF THE COURT

1. CRIMINAL LAW—MARIJUANA—UNLAWFUL POSSESSION—PRISONER RELEASE.

A Supreme Court order of April 7, 1972, directing the Department of Corrections to release on *habeas corpus* writ 128 persons convicted of unlawful possession of marijuana because the marijuana possession statute was unconstitutional, requires reversal of defendant's conviction for the same offense even though he is out on bond and is not in custody of the Department of Corrections; requiring defendant to obtain a writ of *habeas corpus* would be a useless gesture (MCLA 335.153).

2. CRIMINAL LAW—APPEAL AND ERROR—STARE DECISIS.

A Supreme Court decision of March 9, 1972, in *People v Sinclair,* 387 Mich 91, decided only the *Sinclair* case and is not binding on the Court of Appeals because a majority of the court did not concur in any one opinion.

CONCURRENCE IN PART BY J. H. GILLIS, P. J.

3. CRIMINAL LAW—MARIJUANA—UNLAWFUL POSSESSION.

*A Supreme Court order of April 7, 1972, directing the Department of Corrections to release on habeas corpus writ 128 persons convicted of unlawful possession of marijuana because the marijuana possession statute was unconstitutional is not authority for reversing another defendant's conviction of the same offense.*

4. DRUGS AND NARCOTICS—MARIJUANA—LICENSE—ELEMENTS OF CRIME—PLEA OF GUILTY.

*Defendant's conviction of unlawful possession of marijuana should be reversed and the case remanded for retrial because the trial judge, when he accepted defendant's plea of guilty,*

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 25 Am Jur 2d, Drugs, Narcotics and Poisons §§ 11 *et seq.*
[4] 25 Am Jur 2d, Drugs, Narcotics and Poisons §§ 16 *et seq.*

*informed defendant that the prosecution would not have to prove that defendant had no license to possess narcotics.*

Appeal from Cass, James E. Hoff, J. Submitted Division 3 April 10, 1972, at Grand Rapids. (Docket No. 12016.) Decided May 26, 1972.

Gerald R. Cannon was convicted, on his plea of guilty, of unlawful possession of marijuana. Defendant appeals. Conviction reversed and defendant discharged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Herman A. Saitz,* Prosecuting Attorney, and *Michael E. Dodge,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *David A. Goldstein,* Assistant State Appellate Defender, for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and DANHOF, JJ.

DANHOF, J. On March 26, 1971, defendant entered a plea of guilty to unlawful possession of marijuana, MCLA 335.153; MSA 18.1123. He was sentenced to 4–1/2 to 10 years in prison. Defendant's motion for a new trial was denied and he has appealed his conviction.

On March 9, 1972, the Supreme Court of this state decided *People v Sinclair,* 387 Mich 91 (1972). On the same date the Supreme Court decided *People v Lorentzen,* 387 Mich 167 (1972). In *Lorentzen* the Court said, p 171:

"In *People v Sinclair,* 387 Mich 91 (1972), decided this same day, the equal protection, due process and right to

privacy issues raised by defendant are considered. None of these issues are decided by a majority of this Court favorably to defendant."

This statement confirmed that *Sinclair* was not controlling precedent because a majority of the Court did not concur in any one opinion. MCLA 600.229; MSA 27A.229. *People v Gonzales,* 356 Mich 247 (1959); *Corporation & Securities Commission v American Motors Corp.* 4 Mich App 65 (1966).

Thus, had *Sinclair* and *Lorentzen* been the only pronouncements by the Supreme Court, this Court would have been free to determine this appeal on its merits. However, on April 7, 1972, the Supreme Court entered the following order:

"IN THE MATTER OF AN APPLICATION
FOR HABEAS CORPUS IN BEHALF OF
THE PEOPLE

ORDER

"The Court, having received a communication from the Department of Corrections' Director, Mr. Gus Harrison, and an application for a writ of *habeas corpus* by Frank J. Kelley, Attorney General of the State of Michigan, on behalf of the people of this State, asking for appropriate orders directed to the Michigan Department of Corrections, Gus Harrison, Director, to release 128 persons whose names were attached to the petition for the writ, for the reason that the restraint of these 128 persons pursuant to convictions for possession or attempted possession of marijuana is unlawful in light of this Court's decision in *People v Sinclair,* 387 Mich 91 (1972), by which a majority of this Court held unconstitutional the possession provisions of MCLA 335.153, MSA 18.1123.

"IT IS ORDERED, that the petition for a writ of *habeas corpus* on behalf of the named persons be GRANTED, and that a writ of *habeas corpus* be issued to the Michigan Department of Corrections, Gus Harrison, Director, to produce the persons named in said

petition before the Circuit Court for the County of Jackson, at 2:00 p.m., on Monday, April 10, 1972."

Subsequent to the issuance of the aforementioned order the vast majority of the 128 persons have had their convictions set aside and have been released from custody.

In this case, the defendant is on bond and not being in the custody of the Michigan Department of Corrections, he is not subject to the Supreme Court order of April 7, 1972. However, it would be a useless gesture to require the defendant to obtain a writ of *habeas corpus* on the instant conviction. Therefore, because the Supreme Court order of April 7, 1972, indicates that persons being held for convictions under MCLA 335.153; MSA 18.1123 are to be released, the conviction of the defendant for possession of marijuana in violation of MCLA 335.153; MSA 18.1123 is hereby reversed, the bond cancelled and the defendant ordered discharged.

R. B. Burns, J., concurred.

J. H. Gillis, P. J. *(concurring)*. I agree with the first three paragraphs of my colleague's opinion.

In summation, *People v Sinclair,* 387 Mich 91 (1972), decided only the *Sinclair* case. It is not *stare decisis* and is not binding on this Court. The Supreme Court order granting a writ of *habeas corpus* referred to in the majority opinion is not authority for reversal.

However, the trial judge, in his examination of the defendant at the time he accepted the plea, made the following statement to the defendant:

*"The Court:* There is one further point in terms of the ingredients of the crime. You may have heard the words without having a license. I would not want you to

think the people would have to come in and prove that you didn't have a license; that would be your burden. I want you to know about it because the Legislature has a statute that if you are licensed to possess narcotics and you did that, you wouldn't be guilty to *[sic]* it; do you understand that?

*"Defendant Cannon:* Yes, sir."

This was error which requires reversal.

In fairness to the trial court, it should be pointed out that at the time the plea was taken that statement of the law was in accordance with the decisions of this Court. *People v Thomas,* 26 Mich App 160 (1970); *People v Rios,* 27 Mich App 54 (1970). Subsequently, the Michigan Supreme Court reversed the *Rios* case, 386 Mich 172 (1971), holding that the burden of proof as to the defendant's lack of license to sell narcotics was upon the people.

I, therefore, concur in the reversal of this conviction. I would, however, remand it to the trial court for retrial.