PEOPLE v WAXMAN

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.

A bargained-for plea of guilty of possession of marijuana was not rendered involuntary by the fact that it was induced, at least in part, by a desire to avoid having to stand trial on the charge of sale of marijuana and risk a minimum sentence of 20 years.

2. COURTS—SUPREME COURT DECISION—MAJORITY OPINION.

An opinion of an appellate court must be concurred in and signed by a majority of the members participating in order to be controlling precedent.

3. COURTS—SUPREME COURT DECISION—MAJORITY OPINION.

The decision of the Michigan Supreme Court of March 9, 1972, holding that the statute proscribing possession of marijuana was unconstitutional as violative of the appellant's right of equal protection, due process of law, and right of privacy, is not controlling precedent on those issues because none of the opinions in that decision were signed by a majority of the Court.

4. COURTS—COURT OF APPEALS—OPINIONS—PRECEDENT.

One panel of the Court of Appeals is not bound to follow the opinion of another panel of the same Court on any question of law, although the normal practice is to follow another panel's opinion unless cogent reason appears for not doing so.

5. COURTS—COURT OF APPEALS—OPINIONS—PRECEDENT.

An opinion of one panel of the Court of Appeals that the decision of the Michigan Supreme Court of March 9, 1972, holding that the statute proscribing possession of marijuana was unconstitutional, is controlling precedent, is not binding on another panel of the Court of Appeals where the Supreme Court decision did not contain an opinion signed by a majority of the Court.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 484–487.
[2–6] 20 Am Jur 2d, Courts §§ 71, 189.

6. COURTS—SUPREME COURT DECISION—PRECEDENT.
    *The decision of the Michigan Supreme Court of March 9, 1972,
    holding that the statute proscribing possession of marijuana
    was unconstitutional is controlling precedent even though no
    opinion was signed by a majority of the Court, in view of a
    subsequent order of the Court indicating that the imprisonment
    of persons previously convicted under the statute was unlawful.*

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 April 6, 1972, at Lansing. (Docket No. 11947.) Decided May 30, 1972. Reversed by Supreme Court and remanded to circuit court, 388 Mich 774.

Eugene A. Waxman was convicted of possession of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John R. Craig* and *John J. Hensel,* Assistant Prosecuting Attorneys, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *David A. Goldstein,* Assistant Defender, for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and TARGONSKI,* JJ.

QUINN, P. J. Prior to *People v Sinclair,* 387 Mich 91 (1972), and *People v Lorentzen,* 387 Mich 167 (1972), we would have affirmed defendant's conviction of possession of marijuana by a memorandum opinion. The original information was filed February 11, 1970 and charged defendant with sale of marijuana, MCLA 335.152; MSA 18.1122. The trial date was set for March 15, 1971. On the latter

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

date an amended information was filed, adding count II which charged defendant with unlawful possession of marijuana, MCLA 335.153; MSA 18.1123. The same day, defendant pleaded guilty to count II, and the transcript of the plea taking is practically a model of propriety. It is apparent that the plea resulted from negotiations, a procedure approved by *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971), and by the ABA standards of criminal justice (see standards relating to pleas of guilty part III).

Defendant's only attack on the plea arises from his argument that the plea to possession was not a free choice when the only alternative was to stand trial for sale and risk a minimum sentence of 20 years. *North Carolina v Alford,* 400 US 25; 91 S Ct 160; 27 L Ed 2d 162 (1970), and *People v Sumlin,* 32 Mich App 1 (1971), dispose of this contention contrary to defendant's position.

In determining defendant's contention that the statute under which he was convicted is unconstitutional as violative of his right of equal protection, due process of law and right of privacy, we face squarely the question of the effect of *Sinclair, supra,* on the law as it existed prior to that decision.

Of the four opinions in *Sinclair, supra,* two were signed by two justices and two were signed by the writer only; one justice did not participate. In order to be controlling precedent, an opinion must be concurred in by a majority of the court, *Groening v McCambridge,* 282 Mich 135, 140 (1937), *People v Gonzales,* 356 Mich 247, 262, 263 (1959), *Corporation & Securities Commission v American Motors Corporation,* 4 Mich App 65, 67 (1966), *People v Lorentzen,* 387 Mich 167 (1972). Concurrence requires the signature of those justices con-

curring, MCLA 600.229; MSA 27A.229. Only one conclusion is possible, *Sinclair, supra,* decides *Sinclair.*

This conclusion was reached by the Supreme Court in *Lorentzen, supra,* at p 171:

"In *People v Sinclair,* 387 Mich 91 (1972), decided this same day, the equal protection, due process and right to privacy issues raised by defendant are considered. None of these issues are decided by a majority of this Court favorably to defendant."

This language was approved by the signatures of five of the six justices participating in *Sinclair.* Having determined that *Sinclair, supra,* is not controlling, we adopt as controlling the opinion of Chief Judge LESINSKI in *People v Sinclair,* 30 Mich App 473 (1971), as to the foregoing constitutional issues raised by defendant. This well-reasoned opinion is supported by equally well-reasoned, legally recognized authority. Judge LESINSKI's opinion adequately disposes of all the constitutional attacks raised by defendant contrary to his contentions, except as to sentence.

We recognize that this opinion is contrary to a prior opinion by another panel of this Court, see *People v Griffin,* 39 Mich App 464 (1972). Although one panel of this Court is not bound to follow the opinion of another panel of this Court on any question of law, the normal practice has been to do so, unless cogent reason appears for not doing so. *Griffin, supra,* adopts *Sinclair, supra,* as controlling precedent without any analysis of what constitutes controlling precedent, and in spite of the fact that the Supreme Court in *Lorentzen, supra,* acknowledged that *Sinclair* is not controlling on the constitutional issues of equal protection, due proc-

ess and right to privacy. We find this to be cogent reason for not following *Griffin, supra.*

While we do not question the right of an appellate court to review sentences alleged to be excessive and to constitute cruel and unusual punishment, the sentence in this case does not fit that category. At sentencing, defendant volunteered the information concerning his bad record. The trial court deliberately set a lower minimum sentence than the judge felt defendant should receive because defendant's wife was pregnant. On the facts and defendant's record, the five-year minimum sentence was reasonable.

Affirmed.

V. J. BRENNAN, J., concurred.

TARGONSKI, J. *(dissenting).* The statement of the facts in the case as set forth in the majority opinion is adopted. We have no argument with the position set forth in that opinion with reference to the propriety of the plea taking, the voluntariness of the plea or the reasonableness of the sentence imposed by the trial court.

We come to a parting of the ways, however, with the majority as to the applicability of *People v Sinclair,* 387 Mich 91 (1972), No 53,550. Nor do we dispute the quotation by the majority from the opinion in *People v Lorentzen,* 387 Mich 167 (1972), No 53,200 (released March 9, 1972, as was the *Sinclair* case). It is true that in *Lorentzen, supra,* the Supreme Court stated, at p 171:

"In *People v Sinclair,* 387 Mich 91 (1972), decided this same day, the equal protection, due process and right to privacy issues raised by defendant are considered. None of these issues are decided by a majority of this Court favorably to defendant."

There was no majority on any one of the three issues. However, the Supreme Court in *Sinclair* did rule the statute unconstitutional as evidenced by their subsequent order entered April 7, 1972 "in the matter of an application for *habeas corpus* in behalf of the People" No 54,041:

" * * * The restraint of these 128 persons pursuant to convictions for possession or attempted possession of marijuana is unlawful in light of this Court's decision in *People v Sinclair,* 387 Mich 91, by which a majority of this Court held *unconstitutional* the possession provisions of MCLA 335.153, MSA 18.1123." (Emphasis applied.)

This order was entered pursuant to a determination by five justices, four of whom participated in the prevailing ruling in *Sinclair, supra.* One of the dissenters also concurred in that order indicating that in his opinion, together with that of the four signers, the Per Curiam order in *Sinclair, supra,* did, in fact, rule the statute unconstitutional on the questions of possession or attempted possession of marijuana. It is the inclination of the writer that those who made the ruling and authored the several opinions and orders can more properly interpret the purport and intent of their rulings than third parties.

In *People v Griffin,* 39 Mich App 464 (1972), the panel reached this same conclusion on the question of law as we reached in this dissent on the authority of *Sinclair, supra.* This effectively disposes, in our opinion, of the question of the propriety of the plea on what is now by directive of the Supreme Court, an unconstitutional statute. However, this leaves open the question of Count I charged against the defendant in the information. Examination of the record below discloses that the

motion to dismiss Count I was taken under advisement and never disposed of.

Under the circumstances, the defendant should be discharged from the conviction under Count II and the matter should be remanded to the trial court for disposition under Count I.

Reversed and remanded.