PEOPLE v ELWELL

Opinion of the Court

1. Drugs and Narcotics—Controlled Substances Act—Statutes—Effective Date.

The Controlled Substances Act of 1971 only reaches conduct which occurred subsequent to April 1, 1972, its effective date, and a defendant cannot be properly convicted under it of dispensing marijuana when the act for which he was prosecuted occurred on October 7, 1971 (MCLA 335.361[1], 335.361[5]).

2. Drugs and Narcotics—Marijuana—Definitions—Constitutional Law.

The definition of narcotics in the former narcotic drug act, insofar as it included marijuana, was unconstitutional, and could not support a prosecution for dispensing marijuana under that act (MCLA 335.151, 335.152).

Dissent by Bashara, J.

3. Drugs and Narcotics—Marijuana—Definitions—Equal Protection.

*The Supreme Court has previously considered and rejected the argument that equal protection of the laws was violated by the former narcotic drug act as it applied to the sale of marijuana (MCLA 335.152).*

Appeal from Calhoun, Ronald M. Ryan, J. Submitted Division 3 March 7, 1974, at Grand Rapids. (Docket No. 16254.) Decided July 22, 1974.

Michael L. Elwell was convicted of dispensing

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 34, 35 *et seq.*
[2, 3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 1-6.

marijuana. Defendant appeals. Reversed and defendant discharged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stanley Everett,* Prosecuting Attorney, for the people.

*Daudert & Barron,* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and BASHARA, JJ.

V. J. BRENNAN, J. Defendant, Michael L. Elwell, was arrested on October 7, 1971, and charged under the old narcotic drug act with dispensing marijuana contrary to the provisions of MCLA 335.152; MSA 18.1122 after he had supplied a Federal undercover narcotics officer with a quantity of marijuana. Trial was had before a judge sitting without a jury in the Calhoun County Circuit Court and defendant was found guilty. In his written statement, dated December 4, 1972, the trial judge stated that he found defendant guilty under the new Controlled Substances Act of dispensing marijuana contrary to the provisions of MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c).

The provision under which the trial judge stated he found defendant guilty is part of the Controlled Substances Act of 1971, which took effect on April 1, 1972. The conduct for which defendant was tried, however, does not fall within the reach of that act. MCLA 335.361(5); MSA 18.1070(61)(5) provides:

"This act applies to violations of law, seizures and forfeiture, injunctive proceedings, administrative proceedings and investigations which occur after its effective date."

This provision makes clear that the act only reaches conduct which occurred subsequent to April 1, 1972. The actions of defendant which constituted the offense for which he was tried, however, occurred on October 7, 1971, and he was tried in September of 1972, after *People v Sinclair,* 387 Mich 91; 194 NW2d 878 (1972), was decided.[1] It is, therefore, readily apparent that defendant could not properly be convicted under the new act.

We also hold, however, that defendant could not properly be convicted of violating MCLA 335.152; MSA 18.1122, the crime he was charged with committing. In *People v Sinclair, supra,* our Supreme Court held that the inclusion of marijuana within the definition of "narcotics" contained in MCLA 335.151; MSA 18.1121 was improper and contrary to the requirements of both the state and Federal Constitutions.[2] See *People v Griffin,* 39 Mich App 464; 198 NW2d 21 (1972). Although no single reason for such a conclusion commanded the support of a majority of the Court, it nevertheless was decided that the definition of narcotics, insofar as it included marijuana, was unconstitutional.[3] Since this same definition of narcotics is

---

[1] *People v Sinclair,* 387 Mich 91; 194 NW2d 878 (1972), was decided on March 9, 1972.

[2] Three Justices, T. M. KAVANAGH, C. J., and SWAINSON and WILLIAMS, JJ., found that the inclusion of marijuana within the statute's definition of narcotics constituted a violation of the equal protection clauses contained in Const 1963, art 1, § 2 and U.S. Const, Am XIV Justice T. G. KAVANAGH found that the statute violated the state and Federal Constitutions in that it constituted an impermissible intrusion on fundamental rights and an unwarranted interference with the right to possess and use private property.

[3] It has been suggested that *People v Sinclair, supra,* does not constitute binding precedent on this Court. Although the decisions of *People v Waxman,* 41 Mich App 277; 199 NW2d 884 (1972), and *People v Cannon,* 41 Mich App 85; 199 NW2d 657 (1972), tend to support such a claim, the summary reversal of *Waxman* by our Supreme Court (388 Mich 774) on the basis of *Sinclair* persuades us that reliance on this argument would be misplaced.

used in a prosecution under MCLA 335.152; MSA 18.1122 for dispensing marijuana, we can see no reason for arriving at a result different from that reached in *Sinclair*. The definition of narcotics essential to a prosecution for dispensing marijuana was found unconstitutional in *Sinclair*. Given the reasons advanced in *Sinclair* for such a determination, we fail to perceive how the inclusion of marijuana in the definition of narcotics could be constitutional for one crime and unconstitutional for another. *Sinclair* was not bottomed on any such distinction and the route taken by our Supreme Court in reaching its decision permits no such distinction. It has been suggested that our Supreme Court decided otherwise in *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972). We disagree. In *Lorentzen* our Supreme Court decided only that the minimum penalty provided for the sale of marijuana in MCLA 335.152; MSA 18.1122 violated the prohibition against cruel and unusual punishments contained in the Michigan and Federal constitutions.[4] The *Lorentzen* Court, for some unexplained reason, was unable to muster a majority to apply the reasoning of *Sinclair* to the facts of the case before it. This, however, in no way affects the central holding in *Sinclair*—that the inclusion of marijuana within the definition of narcotics contained in MCLA 335.151; MSA 18.1121 is unconstitutional.

We, therefore, reverse defendant's conviction and order him discharged since, for the two foregoing reasons, he cannot properly be proceeded against under either the old or new acts.

T. M. BURNS, P. J., concurred.

---

[4] Const 1963, art 1, § 16; US Const, Am VIII.

Bashara, J. *(dissenting)*. I would dissent on the basis that, contrary to the majority's conjecture, the Michigan Supreme Court has previously considered and rejected the same equal protection argument raised by defendant as it applies to the sale of marijuana. *People v Lorentzen,* 387 Mich 167, 171; 194 NW2d 827, 828 (1972).