## PEOPLE v CASTILLO

Docket No. 77-2584. Submitted December 21, 1977, at Detroit.—Decided March 10, 1978.

Modesto Castillo was convicted in the Recorder's Court for the City of Detroit, Geraldine Bledsoe Ford, J., of knowingly or intentionally possessing heroin. Defendant appeals. *Held:*

1. The trial court did not err: in admitting a gun into evidence which a police officer had observed the defendant throw from a window; by refusing to allow defense counsel to inquire on cross-examination of a police officer regarding the manner of entry into the premises where the defendant was arrested; and by allowing a forensic chemist to testify regarding the chemical make-up of the substance confiscated by the police and the percentage of heroin contained therein.

2. The trial court did abuse its discretion by allowing the impeachment of the defendant with a prior conviction under a law declared unconstitutional prior to the time of impeachment; however, it was harmless error not requiring reversal.

Affirmed.

1. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES—ADMISSIBILITY—RELEVANCE—MATERIAL ISSUES—PROBATIVE VALUE—PREJUDICE—COURT'S DISCRETION.

The general rule is that evidence tending to show the commission of other criminal offenses by a defendant is inadmissible on the issue of his guilt or innocence of the offense charged; if the evidence is legally relevant to a material issue, it is admissible if its proper probative value outweighs its improper prejudicial effect; the determination of whether or not the probative value of logically relevant evidence is substantially outweighed by its unfairly prejudicial effect rests within the discretion of the trial judge and will not be disturbed absent a clear abuse of discretion.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 320, 321.
[3] 29 Am Jur 2d, Evidence § 708.
[4] 81 Am Jur 2d, Witnesses § 475.
[5, 6] 81 Am Jur 2d, Witnesses § 569.

2. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES—ADMISSIBILITY—
   COMMON LAW—RES GESTAE.

   Evidence tending to show the commission of other criminal offenses by a defendant is admissible under a common law exception to the general rule barring proof of other crimes where such evidence is part of the res gestae, including the acts, conduct and demeanor of the defendant at the time of, or shortly before or after the offense claimed to have been committed.

3. CRIMINAL LAW—EVIDENCE—RES GESTAE—DEFINITION.

   Res gestae are the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character; included are the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction, and render the latter necessary to exhibit the former in its proper effect.

4. CRIMINAL LAW—EVIDENCE—COURT'S DISCRETION—COLLATERAL
   MATTERS—CROSS-EXAMINATION—CLEAR ERROR—APPEAL AND
   ERROR.

   The discretion of a trial judge controls the nature and extent of the introduction of collateral matters upon cross-examination and such discretion will not be reviewed except in cases of clear error.

5. CRIMINAL LAW—EVIDENCE—TRIAL—COURT'S DISCRETION—PRIOR
   CONVICTIONS.

   The use of a defendant's prior felony conviction for impeachment purposes is within the discretion of the trial court; the trial judge need not expressly state that he is exercising his discretion, so long as it appears on the record that he is aware that he had discretion to allow the evidence of prior conviction and that he does in fact exercise it.

6. APPEAL AND ERROR—CRIMINAL LAW—ERRONEOUS IMPEACHMENT—
   PRIOR CONVICTIONS—HARMLESS ERROR—MINIMAL IMPACT—
   PREJUDICE.

   The erroneous impeachment of a defendant's testimony in a trial for possession of heroin with a prior conviction for attempted possession of marijuana under a law which had been declared unconstitutional prior to the time of impeachment was harmless error not requiring reversal, where the erroneous impeachment had a minimal impact on the jury verdict of guilty and resulted in little or no prejudice to the defendant; since the possession of heroin and marijuana are two very distinct crimes the defendant was not unfairly prejudiced by a similarity of the

conviction used for impeachment purposes and the crime charged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Stephen B. Foley,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant.

Before: BASHARA, P. J., and BEASLEY and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant was convicted of knowingly or intentionally possessing heroin, contrary to MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). He was sentenced to 30 to 48 months imprisonment and appeals as of right.

The evidence showed that on October 24, 1972, the police came to the house where the defendant was located pursuant to information that two suspects, neither of whom was the defendant, could be found there. While positioned outside the premises, one officer observed the defendant throw a gun and green garbage bag from a second story window of the house. The officer opened the garbage bag, observed what appeared to him to be suspected narcotics and alerted the other officers that a man upstairs had just thrown a gun and suspected narcotics from the window. The officer then confiscated the gun and garbage bag.

Another officer, after entering the premises, proceeded to the second floor where he encountered the defendant in a bedroom with a broken window, a pushed out screen and powder on the defendant's clothing. At that time, the officer observed the defendant drop a bottle to the floor. The officer

scraped some of the powder from the floor and placed it along with the plastic bottle into evidence.

On appeal, defendant first claims that the gun was erroneously admitted into evidence over defendant's trial objection that the evidence was irrelevant, immaterial and prejudicial.

The general rule is that evidence tending to show the commission of other criminal offenses by the defendant is inadmissible on the issue of his guilt or innocence of the offense charged, because whatever probative value such evidence has is outweighed by the disadvantage of diverting the trier of fact from the objective appraisal of the defendant's guilt or innocence. *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973). However, such evidence is admissible under the common law exception to the general rule barring proof of other crimes. In *People v Savage,* 225 Mich 84, 86; 195 NW 669 (1923), the Court stated:

"It is elementary that the acts, conduct and demeanor of a person charged with crime at the time of, or shortly before or after the offense is claimed to have been committed, may be shown as a part of the *res gestae. Proof of such acts is not rendered inadmissible by the fact that they may tend to show the commission of another crime."* (Emphasis supplied.)

Accord, *People v Scott,* 61 Mich App 91, 95; 232 NW2d 315 (1975).

With respect to what is part of the res gestae, in *People v Kayne,* 268 Mich 186, 191–192; 255 NW 758 (1934), the Michigan Supreme Court stated:

" '*Res gestae* are the circumstances, facts and declarations which grow out of the main fact, *are contemporaneous with it,* and serve to illustrate its character.

" 'No inflexible rule has ever been and probably never can be adopted as to what is a part of the *res gestae*. It must be determined largely in each case by the peculiar facts and circumstances incident thereto; but it may be stated as a fixed rule that, included in the *res gestae* are the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction, and render the latter necessary to exhibit the former in its proper effect.' " (Citations omitted.) (Emphasis supplied.)

Accord, *People v Eisenberg,* 72 Mich App 106, 118; 249 NW2d 313 (1976).

Here the defendant simultaneously threw the gun and the heroin from the window. Defendant's actions invoked the police entry into the apartment and the defendant's arrest. Defendant's throwing of the gun was part of the police discovery that he was in possession of heroin, and served to illustrate the latter. Accordingly, the throwing of the gun and heroin constituted one transaction and, therefore, the trial court did not err in allowing evidence of the gun on the basis that it was part of the res gestae. *People v Gould,* 61 Mich App 614; 233 NW2d 109 (1975).

Next, the defendant claims that the trial court reversibly erred by refusing to allow defense counsel to inquire during cross-examination into the officer's prior testimony concerning the police entry into the premises and whether the apartment door had been forced open.

While the manner of the police entry was probative of the pretrial issue of the propriety of the defendant's arrest, it had no relevancy to the issue at trial, namely the defendant's possession of heroin. Thus it was a collateral matter. It is established law in Michigan that the discretion of the trial judge controls the nature and extent of the introduction of collateral matters upon cross-exam-

ination and will not be reviewed except in cases of clear abuse. *People v MacCullough,* 281 Mich 15, 24–25; 274 NW 693 (1937), *People v Joseph Barbara, Jr.,* 23 Mich App 540, 548; 179 NW2d 105 (1970), *People v Eisenberg, supra,* at 119. We find no abuse of discretion in the trial court's ruling and no improper restriction of defense counsel's scope of cross-examination. *People v Lindsey,* 56 Mich App 458, 461; 224 NW2d 273 (1974).

At trial, the forensic chemist was permitted to testify over defendant's objection as to the chemical make-up of the substance confiscated by the police and the percentage of heroin contained therein. The witness testified that the substance contained a higher percent of heroin than normally found in "street type" heroin. The prejudicial potential of such testimony was that it raised by implication the possibility that the defendant distributed and/or delivered heroin, a criminal offense different from the one with which he was charged. *Cf. People v Mumford,* 60 Mich App 279; 230 NW2d 395 (1975), *People v Gould, supra.*

In *People v Morris,* 69 Mich App 545, 550; 245 NW2d 126 (1976), the Court said:

"Evidence of other crimes is usually excluded because it is irrelevant to the issue of the defendant's guilt but increases the chances of conviction because it tends to depict the defendant as an habitual criminal. But if the evidence is legally relevant to a material issue, it is admissible if its proper probative value outweighs its improper prejudicial effect."

The expert testimony explaining the percentage of diluents usually present in street type heroin, the fact that a much lesser percentage of diluents was found in the substance seized from the defendant's possession, and that such substance would

have to be further "cut" to render it street type heroin provided the jury with a lay person's context for understanding the quantity of heroin the defendant was charged with knowingly possessing. Thus, such testimony was helpful in throwing light upon a material point in issue and was therefore probative and logically relevant. The determination of whether or not the probative value of logically relevant evidence is substantially outweighed by its unfairly prejudicial effect rests within the discretion of the trial judge, and will not be disturbed on appeal absent a clear abuse of discretion. *People v Rimson,* 63 Mich App 1, 4; 233 NW2d 867 (1975), *People v Becker,* 300 Mich 562, 565; 2 NW2d 503 (1942). Reviewing the record, we cannot conclude that the probative value of the expert testimony was so minimal and the prejudicial effect so great that the trial court clearly abused its discretion by allowing the testimony.

Finally, the defendant argues that the trial court erred in permitting the prosecutor to impeach the defendant by use of defendant's prior conviction for attempted possession of marijuana. Use of a defendant's prior felony conviction for impeachment purposes is within the discretion of the trial court. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). The trial court must positively indicate its exercise of discretion. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). This Court has held that in order to meet the *Jackson-Cherry* requirements a trial judge need not expressly state that he is exercising his discretion, so long as it appears on the record that he is aware that he had discretion to disallow the evidence of prior conviction and that he does in fact exercise it. *People v Burse,* 62 Mich App 204; 233 NW2d 232 (1975), *People v Pleasant,* 69 Mich App 322;

244 NW2d 464 (1976). The record shows that the trial court was aware of its discretion, knew the nature and date of the defendant's prior conviction, and determined that the admission of the conviction would shed light on the defendant's credibility as a witness. Thus, there was a sufficient showing on the record that the trial court did in fact exercise its discretion.

Subsequent to the defendant's conviction, a majority of the Supreme Court in *People v Sinclair,* 387 Mich 91; 194 NW2d 878 (1972), though for different reasons, held that the statute under which defendant was convicted was unconstitutional. See *People v Bercheny,* 387 Mich 431, 435; 196 NW2d 767 (1972) (T. G. KAVANAGH, dissenting). The central holding of *Sinclair, supra,* was that the inclusion of marijuana within the definition of narcotics contained in MCLA 335.151; MSA 18.1121 is unconstitutional. *People v Elwell,* 54 Mich App 306; 220 NW2d 770 (1974). Though a majority of the Court could not agree as to why the inclusion was unconstitutional, they agreed that the holding of the *Sinclair* opinion was binding precedent on the lower courts *(People v Waxman,* 388 Mich 774; 200 NW2d 322 [1972]), and was to be applied retroactively. Accordingly, the convictions and sentences of all defendants convicted under the statute prior to the *Sinclair* decision were reversed and vacated, either on appeal or by the trial judges. See *People v Doane,* 387 Mich 608; 198 NW2d 292 (1972), *People v Albert White #1,* 387 Mich 774; 196 NW2d 313 (1972), *People v Griffin,* 39 Mich App 464; 198 NW2d 21 (1972), *People v D'Argis,* 44 Mich App 186; 205 NW2d 19 (1972), *People v Goins,* 54 Mich App 456; 221 NW2d 187 (1974), *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974). Furthermore, on March

7, 1972, the Supreme Court entered a writ of *habeas corpus,* ordering the release of 128 persons whose names were attached to the petition for the writ,

"for the reason that the restraint of these 128 persons pursuant to convictions for possession or attempted possession of marijuana is unlawful in light of this Court's decision in *People v Sinclair,* 387 Mich 91 [194 NW2d 878] (1972), by which a majority of this Court held unconstitutional the possession provisions of MCLA 335.153; MSA 18.1123." See *People v Cannon,* 41 Mich App 85, 87; 199 NW2d 657 (1972).

Accordingly, if the present defendant had petitioned to have his conviction and sentence for attempted possession of marijuana vacated, his petition would have no doubt been granted. See *People v Cannon, supra,* at 88. Defendant made no attempt to have his earlier conviction vacated. The issue raised by this appeal is whether the trial court abused its discretion by allowing the prosecutor to impeach the defendant with a conviction under a law which had been declared unconstitutional prior to the time of impeachment.

Under the facts of this case, we agree that the trial court's ruling was probably an abuse of discretion. The record indicates that the trial court reached its ruling at least in part on an erroneous interpretation of the *Sinclair* opinion.

However, we conclude that the erroneous impeachment of the defendant's testimony was harmless error and therefore does not require reversal. The verdict in this case was obviously based not only on the jury's belief of the police officers' testimony and the substantial evidence against the defendant presented therein, but also on the jury's disbelief of the testimony of the four res gestae

witnesses as well as that of the defendant. Therefore, the fact that the defendant's testimony was erroneously impeached had a minimal impact on the jury verdict of guilt and resulted in little or no prejudice to the defendant.

Further, possession of marijuana and possession of heroin are two very distinct crimes. *Cf. People v McCarver,* 72 Mich App 311, 318; 249 NW2d 403 (1976). Therefore, we cannot say that the defendant was unfairly prejudiced by the similarity of the conviction used for impeachment purposes and the crime charged. As it does not appear that the trial court's erroneous admission of the defendant's prior conviction resulted in a miscarriage of justice, we conclude that defendant's conviction should be affirmed.