PEOPLE v McDANIEL

Docket No. 44734. Submitted June 9, 1980, at Lansing.—Decided August 25, 1980.

Bobbie McDaniel was charged with taking possession and driving away a motor vehicle, and receiving or concealing stolen property of value in excess of $100. He was convicted on the former charge, Genesee Circuit Court, Harry B. McAra, J. He appeals, alleging the trial court erred in admitting a videotape of his selling an automobile to an undercover operation into evidence without viewing it to determine whether its contents were more probative than prejudicial. *Held:*

The videotape was very probative of defendant's guilt of the charged offense, and it was no more prejudicial than any evidence linking a defendant to a crime. Moreover, it was part of the res gestae and was not rendered inadmissible by the fact that it might have tended to show that defendant had been involved in other criminal transactions. Defendant did not claim on appeal that any unfair prejudice actually resulted from its admission. The trial court did not err in admitting the videotape into evidence.

Affirmed.

T. M. BURNS, P.J., dissented. He would hold that a viewing by the trial court of a videotape prior to its admission into evidence in a criminal case in order to determine its probative value relative to its prejudicial effect is necessary for a proper exercise of discretion and that the admission of the videotape without such a viewing was clearly erroneous.

OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — RES GESTAE — ADMISSIBILITY.

An item of evidence which is part of the res gestae is not rendered inadmissible by the fact that it might have tended to show that the defendant had been involved in other criminal

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 253, 260.
[2] 29 Am Jur 2d, Evidence § 785.
[3] 29 Am Jur 2d, Evidence § 787.

transactions, and while prejudicial, its admission is not clearly erroneous unless it is shown that unfair prejudice actually resulted from its admission.

DISSENT BY T. M. BURNS, P.J.

2. CRIMINAL LAW — EVIDENCE — VIDEOTAPES — ADMISSIBILITY.
   *Admission into evidence at criminal trials of photographs or videotapes is within the sound discretion of the trial judge.*

3. CRIMINAL LAW — EVIDENCE — VIDEOTAPES — JUDICIAL DISCRETION.
   *A viewing by a trial court of a videotape prior to its admission into evidence in a criminal case in order to determine its probative value relative to its prejudicial effect is necessary for a proper exercise of discretion.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Peter C. Payette, P.C.,* for defendant on appeal.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

BEASLEY, J. Defendant was charged with taking possession and driving away a motor vehicle, contrary to MCL 750.413; MSA 28.645, and receiving or concealing stolen property of value in excess of $100, contrary to MCL 750.535; MSA 28.803. He was convicted of the former charge by a jury and sentenced to not less than 40 months nor more than 60 months in prison. Defendant now appeals as of right.

Defendant claims that the trial court committed an abuse of discretion by permitting the jury to view a videotape of defendant selling an automobile to an undercover storefront operation con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ducted by the United States Bureau of Alcohol, Tobacco, and Firearms. Defendant had objected to the admission of the tape in evidence because it included conversations mentioning other criminal transactions in which he might have been involved. The trial court admitted the tape without viewing it. Defendant says that since the trial court had not viewed the tape prior to ruling on its admission, it could not properly determine whether its contents were more probative than prejudicial.

The videotape of the defendant selling an automobile to the undercover storefront operation was very probative of defendant's guilt of the charged offenses. While this evidence was prejudicial in the sense that any direct evidence linking a defendant to a crime is prejudicial, no claim is made on appeal that any unfair prejudice actually resulted from the showing of the tape to the jury. Moreover, the videotape was a recording of part of the res gestae. As such, it was not rendered inadmissible by the fact that it might have tended to show that defendant had been involved in other criminal transactions.[1]

We find the trial court was not clearly erroneous in admitting the videotape in evidence.

Affirmed.

G. R. Deneweth, J., concurred.

T. M. Burns, P.J. *(dissenting).* I dissent.

I don't question the fact that the videotape was "relevant evidence" within the meaning of the applicable rule of evidence. MRE 401. That is, the evidence did have a tendency to make defendant's complicity in the charged offenses either more

---

[1] *People v Castillo,* 82 Mich App 476, 479-480; 266 NW2d 460 (1978).

probable or less probable than it would have been
without the evidence. However, not all relevant
evidence is admissible at trial. MRE 402.

In accordance with the provisions of MRE 403:

"Although relevant, evidence may be excluded if its
probative value is substantially outweighed by the dan-
ger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue
delay, waste of time, or needless presentation of cumu-
lative evidence."

Although this rule of evidence did not take effect
until March 1, 1978, it is consistent with prior
Michigan law on this point. See, *People v Der-
Martzex,* 390 Mich 410, 415; 213 NW2d 97 (1973).

Defendant argued against the admission of the
videotape into evidence on several grounds. He
contended that the probative value of the tape was
greatly outweighed by the prejudicial harm that it
would create towards him, that it implicated him
in other crimes that were irrelevant at his present
trial, and that the evidence in it was merely
cumulative and, thereby, not essential to the pros-
ecutor's case. Notwithstanding the prima facie
validity of defendant's argument that the video-
tape should have been excluded at trial, and the
lower court's admission that the tape probably was
prejudicial to defendant, the lower court held it to
be admissible apparently for the reason that defen-
dant waived the issue of its admissibility by not
raising it in a pre-trial *Walker*[1] hearing;

"No, I think I am going to allow it in. I think it
should be brought up at the Walker hearing. This is the
way I interpret that. That is the reason I granted the

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87
(1965).

Walker hearing at that time. * * * And, whatever the jury can have in a way of facts to make common sense —without greatly exciting the conscience of an individual, I think—and I, as long as I am a Circuit Judge, the jury is going to have the necessary tools to decide the facts of the case."

Although the admission into evidence at criminal trials of photographs, which are analogous to videotapes, is within the sound discretion of the trial judge, *People v Nard,* 78 Mich App 365; 260 NW2d 98 (1977), *People v Ernest Green,* 74 Mich App 351; 253 NW2d 763 (1977), I fail to see how a judge can properly exercise his discretion in this matter without viewing the evidence sought to be admitted. Much less can I understand how this Court can hold the videotape admissible because, like the trial judge, we did not view it to determine its probative value relative to its prejudicial effect. Further, to the extent that the majority affirms defendant's conviction because "no claim is made on appeal that any unfair prejudice actually resulted from the showing of the tape to the jury", I believe that the majority has misstated the test for admissibility under MRE 403. In view of this, I cannot concur in the conclusion of the majority that the trial judge did not clearly err in admitting the videotape into evidence.