PEOPLE v BOSTIC

Docket No. 53770. Submitted June 24, 1981, at Detroit.—Decided September 17, 1981.

Malchia Bostic was convicted by a jury in Detroit Recorder's Court of felonious assault and violation of the felony-firearm statute and was sentenced, Warfield Moore, J. The charges arose out of an argument between defendant and Joe Bogan concerning a pair of blue jeans defendant was wearing. The jeans were allegedly stolen, along with other clothing, from Bogan's home on the preceding day. Bogan testified that during the argument defendant pulled a gun and threatened to shoot him. Defendant appeals. *Held:*

1. Testimony concerning the breaking and entering of Bogan's home on the day prior to the assault was not introduced to suggest that defendant was involved in the break-in. Rather, the evidence of the break-in was properly introduced as a necessary part of the res gestae of the felonious assault.

2. Testimony to the effect that one of the witnesses had been arrested in connection with the breaking and entering of Bogan's home was not improper because the fact that the witness had been arrested could provide a motive for false testimony in the case.

3. Later reference by a police officer to the fact that the witness had been arrested was, at most, harmless error.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — RES GESTAE.

Res gestae are circumstances, facts and declarations which so illustrate and characterize a principal fact as to place it in its proper effect and has been referred to as the "complete story".

2. CRIMINAL LAW — EVIDENCE — PRIOR ARRESTS.

Evidence of a prior arrest may be used to bring out a witness's bias.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 708.
[2] 29 Am Jur 2d, Evidence § 320.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Pamela E. Griffin,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and BASHARA and K. N. SANBORN,* JJ.

PER CURIAM. On November 27, 1979, the home of Mr. Joe Bogan was broken into and several articles of clothing were taken, including a pair of blue jeans. Shortly thereafter, Mr. Bogan found most of the stolen articles in the garage of his neighbor, Zachary Merritt. On the following day, Mr. Bogan observed Merritt, accompanied by defendant, walking down the street in front of his home. Mr. Bogan had not previously known the defendant. He noticed that defendant was wearing the blue jeans that had been stolen from his home the day before.

Mr. Bogan called Merritt over to him and defendant followed. He asked defendant where the blue jeans had come from. An argument ensued between defendant and Mr. Bogan.

The testimony at trial conflicted at this point. Mr. Bogan testified that defendant pulled a gun out of a pocket and said "* * * get back, man, or I'll shoot". Mr. Bogan stepped back and went into his house. His wife called the police.

Directly contradicting this, Merritt testified that Mr. Bogan grabbed defendant, that no gun was pulled and that defendant just broke away and

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

went to Merritt's house to call the police. Defendant did not testify at trial.

Defendant was convicted by a jury of felonious assault, MCL 750.82; MSA 28.277, and violation of the felony-firearm statute, MCL 750.227b; MSA 28.424(2). He received a mandatory two-year sentence for the felony-firearm conviction and a sentence of two to four years for the felonious assault conviction. He brings this appeal by right.

Defendant argues that the prosecutor should not have been allowed to elicit from Merritt the fact that Mr. Bogan found some of his property in Merritt's garage. He claims that the testimony improperly presented to the jury evidence of a prior bad act by the defendant, that is, the breaking and entering of Mr. Bogan's home. We disagree for a number of reasons.

First, no evidence was introduced to suggest that defendant was involved in the break-in. The break-in was linked to Merritt, not defendant. Second, the evidence was a necessary part of the res gestae of the felonious assault. Res gestae are circumstances, facts and declarations which so illustrate and characterize the principal fact as to place it in its proper effect. *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978). The res gestae has been referred to as the "complete story". See *People v Delgado,* 404 Mich 76, 83; 273 NW2d 395 (1978). The testimony of Merritt which revealed that some of Mr. Bogan's property was found in Merritt's garage was necessary to show Mr. Bogan's state of mind. It explained why Mr. Bogan would notice a pair of blue jeans worn by a complete stranger and why he would demand that the stranger tell him where the blue jeans came from. It was this argument which led to the felonious assault. The evidence was a necessary part of the

res gestae. See *People v Spillman,* 399 Mich 313, 321; 249 NW2d 73 (1976).

Defendant also claims that Merritt was improperly impeached by evidence of an arrest, contrary to the tenets of *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973). During Merritt's testimony, the prosecutor elicited the fact that when the police arrived on the scene, Merritt was arrested. Defendant does not claim this was improper and indeed he could not. Evidence of a prior arrest may be used to bring out a witness's bias. *People v Hogan,* 105 Mich App 473; 307 NW2d 72 (1981). Here, the fact that Merritt was arrested because of Mr. Bogan's complaint against him could provide a motive for false testimony in this case. Therefore, the examination regarding the arrest was proper.

Defendant claims that error occurred later in the trial when an officer referred to this arrest. Because the jury was already fully aware of Merritt's arrest, we find the officer's testimony was, at most, harmless error.

Affirmed.