Fitzgerald, J.
(dissenting). I strongly dissent from the majority’s conclusion in issue I that the trial court properly allowed the prosecutor to cross-examine a defense witness with evidence of a prior criminal charge for which the witness was acquitted.
MRE 609 governs impeachment by evidence of conviction of a crime. In People v Falkner, 389 Mich 682, 695; 209 NW2d 193 (1973), the Supreme Court succinctly set forth a rule precluding examination regarding prior arrests and convictions that did not result in conviction:
We hold that in the examination or cross-examination of any witness, no inquiry may be made regarding prior arrests or charges against such witness which did not result in conviction; neither may such witness be examined with reference to higher original charges which have not resulted in conviction whether by plea or trial.
Thus, only evidence of convictions are admissible for impeachment purposes.
The majority has cited People v Hogan, 105 Mich App 473, 483; 307 NW2d 72 (1981), and People v Bostic, 110 Mich App 747, 749; 313 NW2d 98 (1981), in support of its holding that “this Court has recognized an exception to the ostensibly strict holding where ‘the prior arrest is not used to directly impeach the witness but to bring out the witness’s bias or interest in the outcome of the case.’ ” Ante at 578. The majority notes that the cases applying the bias exception *589 have involved situations where the prosecutor or defense sought to introduce pending charges or arrests not yet resulting in conviction. Nonetheless, the majority holds that “where an unproven charge is offered not to impeach the witness, but to show the witness’ bias or interest in the case, we find no compelling reason to distinguish between charges that have yet to be proved and those that the prosecution has either failed to prove or dismissed.” Ante at 578.
The majority has failed, however, to consider how the facts of Hogan and Bostic contributed to the Court’s decision to permit the witness in each case to be examined regarding a prior arrest. In Bostic, the defense witness who was examined regarding a prior arrest was arrested with the defendant. Therefore, this Court held that testimony to the effect that one of the witnesses had been arrested in connection with the same incident for which the defendant was standing trial was not improper because the fact that the witness had been arrested could provide a motive for false testimony later in the case. In Hogan, the witness’ prior arrest was related to the offense for which the defendant was standing trial. Therefore, this Court held that the trial court properly allowed admission of evidence of the res gestae witness’ prior arrest that did not result in a conviction to demonstrate the witness’ bias in the outcome of the case and motivation to give false testimony. Clearly, each case involved a witness who was interested in or connected with the crime for which the defendant was being tried. Indeed, in People v Torrez, 90 Mich App 120, 124; 282 NW2d 252 (1979), this Court noted that the exception on which the majority relies most often *590 “will occur when the witness is an accomplice or an informant testifying pursuant to a plea agreement.”
I do not agree that the bias exception to Falkner that was applied in Bostic and Hogan is applicable under the facts of the present case.[1] The majority, has cited no case that purports to limit the scope of Falkner such that a witness may be impeached with an unrelated charge or arrest simply because it is similar to the charge for which the defendant is standing trial. Indeed, the majority’s holding implies that because a defense witness was charged and acquitted of essentially the same crime as the defendant, the witness will be biased in favor of the defendant. Applying the majority’s reasoning, any witness who has ever been charged with any crime should naturally be sympathetic to the defendant now facing charges. The witness would then be subject to cross-examination because the witness’ prior experiences would render the witness biased against the prosecution and sympathetic to the defendant. Essentially, the exception suggested by the majority would swallow the Falkner rule.
Accordingly, I would conclude that the trial court abused its discretion by allowing the prosecutor to cross-examine Ganger regarding a prior unrelated charge that did not result in conviction.
The issue, then, is whether the error was harmless. The only evidence of defendant’s guilt was the testimony of the complainant. Thus, Ganger’s credibility was a key issue in this case. If the jury believed Ganger’s testimony that on two separate occasions *591 complainant stated that defendant had not sexually touched her or placed his finger in her vagina, defendant would likely have been acquitted. Thus, after an examination of the entire record, it affirmatively appears that it is more probable than not that the error was outcome determinative. People v Lukity, 460 Mich 484; 596 NW2d 607 (1999). I would reverse.

 Thus, I do not believe it is necessary to determine whether the bias exception would apply in those cases where the prosecutor failed to prove the charges or dismissed the charges.