## PEOPLE *v*. BENNETT.

RAPE—CHASTITY—AGE OF CONSENT.
> In a prosecution under 3 Comp. Laws 1915, § 15211, for rape upon a female under the age of 16 years, it is immaterial whether she was previously chaste and whether the act was committed with or without her consent.

Error to Montcalm; Davis, J. Submitted January 16, 1919. (Docket No. 115.) Decided April 3, 1919.

Clarence Bennett was convicted of the crime of statutory rape, and sentenced to imprisonment for not less than five years nor more than ten years in the Michigan reformatory at Ionia. Affirmed.

*Hall & Gillard* (*George Clapperton,* of counsel), for appellant.

*Frank A. Miller,* Prosecuting Attorney, for the people.

Defendant was arrested on a warrant charging him with rape under the provisions of section 15211, 3 Comp. Laws 1915, which provides:

"If any person shall ravish and carnally know any female of the age of sixteen years, or more, by force and against her will, or shall unlawfully and carnally know and abuse any female under the full age of sixteen years, he shall be punished by imprisonment in the State prison for life, or for any such period as the court in its discretion shall direct, and such carnal knowledge shall be deemed complete upon proof of penetration only."

On the examination before the justice of the peace it was made to appear that on the 11th day of August, 1917, the date of the commission of the alleged offense, the complaining witness, Hazel M. Luce, was nineteen days less than sixteen years of age. Her testimony as to the commission of the offense given upon direct examination was in part as follows:

"*Q.* What did you do after you stayed there and talked for a while?
"*A.* He took me into the barn.
"*Q.* How did he do it?
"*A.* He picked me right up.
"*Q.* In what way?
"*A.* Took hold of my arms.
"*Q.* Whereabouts in the barn did he take you?
"*A.* Over on the hay?

"*Q.* In what part of the barn is that?
"*A.* North part.
"*Q.* What did he say to you when he took you by the arms?
"*A.* I don't remember.
"*Q.* What did you say to him?
"*A.* I wanted him to leave me alone.
"*Q.* What did he say to that?
"*A.* I don't remember what he did say.
"*Q.* What else did you say to him?
"*A.* I told him I was going to tell papa on him."

And upon cross-examination she testified:

"*Q.* You say you did not walk back into the barn?
"*A.* No, he dragged me.
"*Q.* Was you afraid of him?
"*A.* Yes.
"*Q.* Did you cry?
"*A.* Yes, I did.
"*Q.* Did you scream?
"*A.* I don't know whether I did or not.
"*Q.* You know whether you screamed or not.
"*A.* I don't think I did."

Defendant upon the examination was represented by counsel. He was bound over for trial before the circuit court where he was duly arraigned. The reading of the information was by him waived and he pleaded guilty thereto. The trial judge thereupon held a private interview with him in which respondent admitted that he had had sexual intercourse with the complaining witness at the time and place charged in the information and that he knew that she was less than sixteen years of age at that time. He claimed, however, that the complaining witness did not resist and that if she was pregnant as she claimed to be, her unborn child must belong to some one else. The examination before the magistrate occurred on the 15th day of January, 1918, at which time the complaining witness testified that she was pregnant. The

proceedings in the circuit court occurred on March 4, 1918, and on the 14th day of March, 1918, the defendant was sentenced to be confined in the Michigan reformatory at Ionia, Michigan, at hard labor for not less than five years and not more than ten years with a recommendation of five years. Defendant was immediately incarcerated in prison where he now is serving the sentence imposed. On August 16, 1918, defendant made a motion, supported by affidavit, in arrest of judgment, and on the same day made a motion for a new trial based upon the following grounds, many of which are set up in the motion in arrest of judgment:

"1. It appears from the evidence taken at the preliminary examination that the respondent did not commit the offense charged in the complaint, the warrant and the information.

"2. It appears from the records and files of said cause that the respondent was informed against for the crime defined by section 14542, Howell's Michigan Statutes (2d Ed.), when the offense, if any was committed, was properly defined by section 14813 Howell's Michigan Statutes (2d Ed.).

"3. The plea of the respondent, together with the information conveyed to the court in the private interview, clearly showed that it was not a plea of guilty to the charge set forth in the complaint, warrant and information.

"4. The sentence of the court was in excess of the sentence allowed by law for the offense, if any, which the respondent had committed.

"5. There was no proper proof in the case that Hazel Luce was of the age of less than sixteen years.

"6. There was no allegation in the complaint, warrant, or information that the said Hazel Luce was a girl theretofore chaste, of the age of fourteen years, and not more than sixteen years of age.

"7. That the said Hazel Luce was at the time of the committing of the alleged offense of the age of more than sixteen years.

"8. That the said Hazel Luce was not at the time

of the commission of the alleged offense a girl theretofore chaste and was not a chaste girl at the time of the alleged offense.

"This motion is based upon the records and files in said cause and upon the affidavit hereto annexed."

Both motions were denied by the learned circuit judge and the case is now in this court upon writ of error.

BROOKE, J. (*after stating the facts*). In the affidavits in support of the motions mentioned it was made to appear that the complaining witness had given birth to no child nor suffered from abortion or miscarriage. From this premise it is argued that the judge in imposing sentence upon respondent proceeded upon an erroneous assumption of fact and that this error is reflected in the severity of the sentence. There seems to be no doubt that at the trial in the circuit court it was believed that the complaining witness was then pregnant and there appears to be no question that such belief was erroneous. It is not apparent, however, how that error can be made available for relief in the present proceeding.

Much stress is placed by counsel upon the legislation affecting this question. The act under which respondent was prosecuted was originally passed in 1887 and is practically identical in phraseology with 3 Comp. Laws 1915, § 15211, with the single exception of the age of consent, which was placed at fourteen in the '87 act and at sixteen in the amendment of 1895. At the same session at which Act No. 112, Pub. Acts 1887, was passed the legislature passed another act known as Act No. 143, section 1 of which provides:

"*The people of the State of Michigan enact:* That any male person of the age of sixteen years or more who shall carnally know any girl, theretofore chaste, of the age of fourteen years and not more than sixteen years of age, with the consent of such girl, shall,

upon conviction thereof, be punished by imprisonment in the State Prison, or the State House of Correction and Reformatory, for a term of not more than five years or in the county jail not more than one year, or by fine of not more than one thousand dollars; but no prosecution shall be commenced under this section after one year from the time of committing the offense."

By the first of these two acts passed at the same session it was the evident intention of the legislature to make absolutely unlawful sexual intercourse with girls, chaste or unchaste, under the age of fourteen years, with or without consent and to provide severe punishment for the same. By the second act sexual intercourse with girls between the ages of fourteen and sixteen theretofore chaste, with their consent, was prohibited and a lesser punishment provided. The law stood so between the years 1887 and 1895 when by the amendment contained in Act No. 70 of the Public Acts of that year the age of consent was raised to sixteen years, since which time the unchaste girl as well as the chaste girl under sixteen has been unable to legally consent to an act of cohabitation. It was held by the learned circuit judge that the passage of the amendment of 1895 raising the age of consent to sixteen years as to all girls chaste as well as unchaste operated as a repeal of Act No. 143, Pub. Acts 1887, and in this view we agree with him.

If it were important to answer the contention of counsel that the complaining witness consented to the commission of the act it seems to us that a reading of the quotation from her evidence might well negative the assertion that she was a willing participator in the commission of the act. Respondent was a man ten years her senior and was quite able to have imposed his will upon her, but whether the commerce was induced through the exercise of force and against her will or through persuasion and with her consent can make no difference in the result, for under the

law she had no legal capacity to give such consent. See *People* v. *Smith,* 122 Mich. 284, where it is said:

"The crime is complete, under the statute, whether the intercourse is had with force or by consent. In this case the proof is conclusive that the girl consented, unless it should have been found that she did not possess sufficient mind or intelligence to consent."

Some argument is made with reference to the word "abuse" in the sentence, "unlawfully and carnally know and abuse," it being the contention that in this case there is no proof of rape or abuse. The quotation from *People* v. *Smith, supra,* is a sufficient answer to this contention. If it is true as claimed by counsel for respondent that the case is one of peculiar hardship and that the sentence is excessive, that argument may be presented to the pardoning power of the State which it must be presumed grants relief in all proper cases. The respondent is plainly guilty under the law of the offense charged in the information.

We find no error in the proceedings and the judgment must be affirmed.

BIRD, C. J., and MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.