PEOPLE *v.* TAYLOR

OPINION OF THE COURT

1. CRIMINAL LAW—NEW TRIAL—PERJURY.

Defendant was not entitled to a retrial on a third count of perjury simply because the first and second counts of perjury were wrongfully submitted to the jury since the counts were all for the same crime, defendant was convicted on each count, and there was no danger that the jury reached a compromise verdict.

2. PERJURY—SENTENCE—GENERAL SENTENCE—RESENTENCING.

Michigan Court of Appeals was correct in remanding a case fo resentencing where defendant was sentenced by a genera, sentence upon conviction of three counts of perjury, the conviction on the first two counts was reversed and was affirmed as to the third count.

3. APPEAL AND ERROR—ISSUES REVIEWABLE.

The Michigan Supreme Court will not consider issues not raised. in the court below.

4. PERJURY—BRIBERY—PROOF.

Testimony by a township official that he had been bribed by defendant, apparently believed by the jury, was sufficient to sustain a conviction of perjury where, as opposed to this, defendant in effect denied that he had any personal knowledge of any bribes to township officials.

5. WITNESSES—CROSS-EXAMINATION—DISCRETION.

A trial judge has a great deal of discretion in limiting cross-examination and such discretion is not subject to review unless a clear abuse of it is shown.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 7, 8] 21 Am Jur 2d, Criminal Law § 546.
[3] 4 Am Jur 2d, Appeal and Error § 491.
[4] 41 Am Jur, Perjury § 64 *et seq.*
[5] 58 Am Jur, Witnesses § 621.
[6] 5 Am Jur 2d, Appeal and Error §§ 786, 883.

DISSENTING OPINION

T. G. KAVANAGH, J.

6. CRIMINAL LAW — LESSER INCLUDED OFFENSE — EVIDENCE — COM-
PROMISE VERDICT.

   *Conviction of a lesser included offense cannot stand when no
   evidence of the higher included offenses is adduced at the
   trial as, the possibility of compromise among the jurors is
   what taints the conviction where consideration of one of the
   factors asserted is unwarranted.*

7. CRIMINAL LAW—MULTI-COUNT CHARGE—EVIDENCE—FAIR TRIAL—
VERDICT.

   *A multi-count charge of various crimes, with evidence adduced
   of only one, hardly comports with the notion of a fair trial
   as it can never be known with certainty what determines a
   jury's verdict.*

8. PERJURY—SEPARATE COUNTS—SENTENCE—GENERAL SENTENCE—
NEW TRIAL.

   *Case should be remanded for a new trial where defendant was
   sentenced by a general sentence upon conviction of three counts
   of perjury and, on appeal, the conviction was reversed as to
   the first two counts and affirmed as to the third count.*

Appeal from Court of Appeals, Division 2, Mc-
Gregor, P. J., and R. B. Burns and Danhof, JJ.,
reversing and remanding Oakland, Arthur E.
Moore, J. Submitted September 15, 1971. (No. 38
June Term 1971, Docket No. 52,617.) Decided
November 9, 1971.

18 Mich App 381 affirmed.

Marshall Taylor was convicted of three counts of
perjury. Defendant appealed to the Court of Ap-
peals. Reversed as to counts one and two, affirmed
as to third count and remanded for reconsideration
of sentence. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*

Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Seymour Berger,* for defendant.

WILLIAMS, J. The major issue presented by this case is whether due to the erroneous submission of two counts of perjury to the jury, we should reverse defendant-appellant's conviction on a third count of perjury, and grant him a new trial as to that count.

Defendant was indicted on three counts of perjury on March 24, 1966, by the Honorable Philip Pratt, sitting as a one man grand jury for Oakland County. At the start of a preliminary hearing held on October 5th and October 26, 1966, before Municipal Judge Hunter for the City of Clawson, the transcript of defendant's testimony before the grand jury was admitted into evidence. Defendant's own retained counsel was present at the preliminary hearing and raised no objection to the introduction of the transcript. Defendant was subsequently bound over for trial on all three counts of perjury to the Oakland County Circuit Court. The defendant was convicted by a jury of all three counts of perjury.

The Court of Appeals reversed the convictions for the first and second counts of perjury on the grounds that there was no evidence upon which to submit them to the jury. The conviction on the third count of perjury was, however, affirmed by the Court of Appeals. The Court then remanded for resentencing in light of its opinion. Defendant's application for leave to appeal to this Court was granted.

We agree with the Court of Appeals that there is no evidence in the record to support the convic-

tions on the first two counts of perjury, and thus those two convictions are reversed.

We agree with the Court of Appeals' affirmation of defendant's conviction on the third count of perjury. Defendant is not entitled to a retrial on the third count of perjury simply because the first and second counts were wrongfully submitted to the jury. The cases cited by the defendant on this issue are not on point as they concern situations involving lesser included offenses. In the instant case the charge on each of the three counts was identical, and defendant was convicted on each count. Since the counts were all for the same crime, and since the defendant was convicted on each count, there is no danger here that the jury reached a compromised verdict. Therefore a new trial on the third count of perjury is not necessary.

The United States Supreme Court case of *Nilva* v. *United States* (1957), 352 US 385 (77 S Ct 431, 1 L Ed 2d 415) is precedential as to this case. In *Nilva*, the defendant was convicted on three specifications of criminal contempt. On appeal, the Government abandoned two of the three specifications. The conviction on the third specification, however, was affirmed. Since a general sentence had been imposed on all three specifications, the case was remanded for a resentencing.

Had the defendant been sentenced separately on each count, such action could have obviated the necessity for remand. Since the sentence in the instant case was also a general one, the Court of Appeals was correct in remanding this case for a resentencing.

Defendant makes several other contentions of error in his brief which can be disposed of with

dispatch. First, he alleges that the examining mag-
istrate erred by admitting at the preliminary hear-
ing the transcript of the defendant's testimony
before the grand jury. The record of the prelimi-
nary hearing clearly indicates that the defendant's
own retained counsel failed to raise a timely objec-
tion to the introduction of the transcript. This
Court will not consider issues not raised in the
court below. *Lake Erie Land Co.* v. *Chilinski*
(1917), 197 Mich 214, 226.

Defendant contends that by subsequent qualifica-
tion his negative answer to the question which was
the basis for the third count of perjury became an
affirmative, and thus nonperjurious, answer. We
cannot accept this argument. Even with his qualifi-
cation, the defendant in effect denied that he had
any personal knowledge of any bribes to township
officials.

As opposed to this denial, one witness testified
that he, a township official, had been bribed by the
defendant. This testimony, apparently believed by
the jury, is sufficient to sustain the conviction on
the third count of perjury.

Defendant's final allegation of error is that de-
fense counsel's cross-examination of a Mr. Thomas
Bowles, Sr., was unduly restricted. This Court has
stated on numerous occasions that a trial judge has
a great deal of discretion in limiting cross-examina-
tion. Such discretion is not subject to review unless
a clear abuse of it is shown. *Gilchrist* v. *Gilchrist*
(1952), 333 Mich 275, 282; *Scholnick* v. *Bloomfield
Hills* (1957), 350 Mich 187, 195. No such clear
abuse of discretion has been demonstrated in this
case.

The decision of the Court of Appeals is affirmed.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, and SWAINSON, JJ., concurred with WILLIAMS, J.

T. G. KAVANAGH, J. (*dissenting*). The Court of Appeals held that there was no evidence in the record to support the defendant's conviction on the first two counts of perjury and reversed on these two counts. This was entirely proper.

The Court then held that there was sufficient evidence to support a conviction on the third count and remanded for resentencing in light of the reversal on the first two counts.

While I agree that the record contains sufficient evidence to convict on the third count, I do not think resentencing will suffice.

It is well established that conviction of a lesser included offense cannot stand when no evidence of the higher included offenses is adduced at the trial. *People* v. *Hansen* (1962), 368 Mich 344; *People* v. *Marshall* (1962), 366 Mich 498; *People* v. *Stahl,* (1926) 234 Mich 569.

A reading of those cases discloses the rationale of this Court that the possibility of compromise among the jurors is what taints the conviction where consideration of one of the factors asserted is unwarranted. *Confer, United States* v. *Wilkins* (CA 2, 1965), 348 F2d 844.

The same reasoning seems pertinent here for the same evil is present. A multi-count charge of various crimes, with evidence adduced of only one, hardly comports with the notion of a fair trial. We can never know with certainty what determines a jury's verdict.

While we cannot seek to accord a defendant a perfect trial, since " * * * our system of law

has always endeavored to prevent even the probability of unfairness" (*In re Murchison* [1955] 349 US 133, 136 [75 S Ct 623, 99 L Ed 942]), I feel the defendant here should be accorded the benefit of this reasonable doubt.

Five members of the Supreme Court of the United States in *Nilva* v. *United States* (1957), 352 US 385 (77 S Ct 431, 1 L Ed 2d 415) sanctioned the procedure here adopted by the Court of Appeals. That case involved a charge of contempt of court, however, and since contempt cases are *sui generis*, it should not serve to determine the issue in this case.

I would remand for a new trial.