PEOPLE v CASH

Docket No. 68064. Argued June 7, 1983 (Calendar No. 18).—Decided July 19, 1984.

George E. Cash, Jr., was convicted by a jury in the Calhoun Circuit Court, Paul Nicolich, J., of third-degree criminal sexual conduct. The Court of Appeals, D. F. Walsh, P.J., and Mac-Kenzie and Ernst, JJ., affirmed in an unpublished opinion per curiam (Docket No. 52145). The defendant appeals, contending that his mistake of fact regarding the complainant's age is a valid defense to the charge and that he was denied a fair trial because of the exclusion of evidence regarding the complainant's lifestyle and because of references by the prosecutor to forcible rape.

In an opinion by Chief Justice Williams, joined by Justices Ryan, Brickley, Cavanagh, and Boyle, the Supreme Court *held:*

The Legislature intended to omit the defense of reasonable mistake of age in cases where third-degree criminal sexual conduct with a 13- to 16-year-old complainant is charged, and allowing the defense is not compelled by the constitution. Evidence of the complainant's lifestyle was not admissible because it was not relevant to impeach her credibility or to show her bias toward the defendant. Any error occasioned by

REFERENCES FOR POINTS IN HEADNOTES

[1-7] 65 Am Jur 2d, Rape §§ 15, 36.
   Mistake or lack of information as to victim's age as defense to statutory rape. 8 ALR3d 1100.
[3] 65 Am Jur 2d, Rape §§ 82 *et seq.,* 86.
   Admissibility of prosecution evidence on issue of consent, that rape victim was a virgin, absent defense attack on her chastity. 35 ALR3d 1452.
   Mistake or lack of information as to victim's chastity as defense to statutory rape. 44 ALR3d 1434.
   Modern status of admissibility, in statutory rape prosecution, of complainant's prior sexual acts or general reputation for unchastity. 90 ALR3d 1300.
   Modern status of admissibility, in forcible rape prosecution, of complainant's general reputation for unchastity. 95 ALR3d 1181.
   Modern status of admissibility, in forcible rape prosecution, of complainant's prior sexual acts. 94 ALR3d 257.
[4] 65 Am Jur 2d, Rape § 1.

the introduction of evidence tending to show forcible rape or reference by the prosecutor to forcible rape was harmless beyond a reasonable doubt because of the overwhelming evidence against the defendant.

1. The criminal sexual conduct statute was a major attempt by the Legislature to redefine the law of sexually assaultive crimes. The Legislature may define criminal offenses without requiring proof of a specific criminal intent and provide that a person proceeds at his peril regardless of his ignorance or honest mistake of fact. At the time of enacting the statute, the Legislature is presumed to have been aware of case law rejecting the reasonable-mistake-of-age defense to charges of statutory rape, and therefore omission of the defense by the Legislature in the statute defining third-degree criminal sexual conduct with a 13- to 16-year-old complainant was intentional. Moreover, the defense is not constitutionally mandated on due process grounds.

2. When the Legislature drafted the present criminal sexual conduct provisions in 1974, the state of the law for more than 60 years had been that mistake of age was no defense to a charge of statutory rape, and the Legislature must be presumed to have known this state of the law and to have legislated in conformity with it. The legislative silence on the matter of intent is a clear indication that the Legislature intended that the defendant's belief concerning the victim's age ought to remain as irrelevant as it was generally recognized to be at the time the revised criminal sexual conduct provisions were enacted. The discrete choices made by the Legislature in determining the various degrees of criminal sexual conduct where minors are involved evidence careful consideration of age and a deliberate intention to retain the law of statutory rape.

3. Refusal to allow cross-examination concerning the complainant's lifestyle in this case was not an abuse of discretion. There is no issue of consent in a third-degree criminal sexual conduct case with a complainant below the age of consent because the complainant is conclusively presumed to be incapable of consenting. Any evidence that the complainant was sexually experienced would be irrelevant to attack her character for truthfulness. There is no logical connection between such evidence and the complainant's alleged bias in bringing charges against the defendant.

4. References by the prosecutor to forcible rape did not deny the defendant a fair trial. The defendant's objections to references to forcible rape made during the prosecutor's opening statement and the questioning of the physician who examined

the complainant were sustained by the trial court. No objection was raised to remarks made by the prosecutor during closing argument where the prejudicial effect was minimal and could have been cured by a cautionary instruction. Brief references during direct examination of the complainant, while improvident, were to a certain extent unavoidable because they concerned part of the res gestae of the offense. The evidence was necessary to convey to the jury the events leading up to the conduct charged and to the complainant's actions in having the police called. In view of the overwhelming evidence against the defendant, any error which resulted was harmless beyond a reasonable doubt.

Affirmed.

Justice Kavanagh, joined by Justice Levin, dissented. Reasonable mistake of age should be recognized as a defense to a charge of third-degree criminal sexual conduct involving a 13- to 16-year-old complainant. Michigan has a long history of insistence on the establishment of *mens rea,* a culpable mental state, in felony cases. Criminal intent is a necessary element of the crime of third-degree criminal sexual conduct involving a 13- to 16-year-old complainant. The gravamen of the offense is voluntary sexual intercourse with an underage person. Disallowing a defense of reasonable mistake of fact obviates proof of *mens rea.* The capacity of the underage person to consent is not at issue; rather, culpability is dependent on the defendant's state of mind. Recognition of reasonable mistake of age as a defense to third-degree criminal sexual conduct with a 13- to 16-year-old complainant requires only that the finder of fact determine whether the defendant honestly believed that the complainant was an adult and whether the belief was reasonable.

### OPINION OF THE COURT

1. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — DEFENSES — MISTAKE OF AGE.

    The defense of a reasonable mistake of age is not available to a charge of third-degree criminal sexual conduct with a 13- to 16-year-old complainant (MCL 750.520d[1][a]; MSA 28.788[4][1][a]).

2. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — DEFENSES — MISTAKE OF AGE.

    The crime of sexual penetration of a person 13 to 16 years of age, third-degree criminal sexual conduct, is statutory and not common-law, and the creation of a defense of reasonable mistake of age by the Supreme Court would be an unjustified

invasion of the Legislature's authority (MCL 750.520d[1][a]; MSA 28.788[4][1][a]).

3. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — EVIDENCE — IMPEACHMENT.

Evidence of the lifestyle of a 15-year-old complainant in a case charging third-degree criminal sexual conduct was not admissible where it was not relevant to impeach her credibility or to show her bias in bringing charges against the defendant (MCL 750.520d[1][a]; MSA 28.788[4][1][a]).

4. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — EVIDENCE — FORCIBLE RAPE.

Evidence of forcible rape and references to forcible rape by the prosecutor in a case in which the defendant was charged with third-degree criminal sexual conduct with a 15-year-old complainant was harmless beyond a reasonable doubt where there was overwhelming evidence against the defendant (MCL 750.520d[1][a]; MSA 28.788[4][1][a]).

DISSENTING OPINION BY KAVANAGH, J.

5. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — DEFENSES — MISTAKE OF AGE.

*Reasonable mistake of age should be recognized as a defense to a charge of third-degree criminal sexual conduct involving a 13- to 16-year-old complainant (MCL 750.520d[1][a]; MSA 28.788[4][1][a]).*

6. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — MENS REA.

*Criminal intent to engage in voluntary sexual intercourse with a person who is 13 to 16 years of age is a necessary element of third-degree criminal sexual conduct; culpability is dependent on the defendant's state of mind (MCL 750.520d[1][a]; MSA 28.788[4][1][a]).*

7. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — DEFENSES — MISTAKE OF AGE.

*Recognizing the defense of reasonable mistake of age in a prosecution for sexual penetration with a person under age does not imply that for conviction the defendant must have in fact known that the person was under age; when the defense is raised, the trier of fact need only determine whether the defendant honestly believed that the complainant was an adult and whether the belief was reasonable (MCL 750.520d[1][a]; MSA 28.788[4][1][a]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Richard A. Pattison,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan)* for the defendant.

WILLIAMS, C.J. The main issue presented in this case requires us to reconsider whether a reasonable mistake of fact as to a complainant's age is a defense to a statutory rape charge. Over 61 years ago, this Court enunciated a rule rejecting such a defense in *People v Gengels,* 218 Mich 632; 188 NW 398 (1922), which involved a similar charge under the former statutory rape statute. We reaffirm the *Gengels* rule and likewise reject this defense in cases brought under § 520d(1)(a) of the third-degree criminal sexual conduct statute.[1]

This appeal raises two additional issues: (1) whether the trial court abused its discretion in not permitting cross-examination of the complainant or her mother regarding the complainant's lifestyle; and (2) whether the prosecution's argument

---

[1] The statutory rape statute in effect at the time of *Gengels,* which prohibited carnal knowledge of a female under 16, MCL 750.520; MSA 28.788, was repealed by 1974 PA 266 and replaced by the new criminal sexual conduct statute, MCL 750.520a *et seq.;* MSA 28.788(1) *et seq.* The purpose of the new statute was to codify, consolidate, define, and prescribe punishment for a number of sexually assaultive crimes under one heading. See *People v Willie Johnson,* 406 Mich 320, 327-330; 279 NW2d 534 (1979). In furtherance of this goal, the Legislature created four degrees of criminal sexual conduct, the first three of which comprise the "new" statutory rape law. Under the new law, sexual penetration or contact with a person under 13 years old is distinguished from sexual penetration with a person between the ages of 13 and 16. We are concerned in the present case only with the latter age group, although we note that the same policy considerations advanced here could apply with even greater force to the under-13 age group.

and introduction of evidence concerning a forcible
rape denied defendant a fair trial. We answer each of
these issues in the negative, and therefore we affirm
defendant's conviction.

## I. FACTS

On the evening of September 23, 1979, the com-
plainant, who was one month shy of her 16th
birthday, met the defendant at a Greyhound bus
station in Detroit. The complainant was running
away from home at the time. After talking with
complainant for a couple of hours and gaining her
trust, defendant persuaded complainant to accom-
pany him on a drive in his car. They drove to a
motel in Marshall, Michigan, where two separate
acts of sexual intercourse took place. The com-
plainant managed to leave the motel room unde-
tected after defendant fell asleep, and awakened
the person in charge of the motel, who in turn
called the police. The defendant was charged with
two counts of third-degree criminal sexual conduct,
namely, engaging in sexual penetration with a
person between the ages of 13 and 16 years. Docu-
ments found in the court file indicate that at the
time of the offense, the defendant was 30 years
old.

At the preliminary examination, complainant
admitted that she told defendant that she was 17
years old. The defendant had also indicated to the
police at the time of his arrest that the complain-
ant told him she was 17. The complainant was
described by defendant as being 5' 8" tall and
weighing about 165 pounds.

Prior to trial, defendant brought a motion re-
questing that the jury be instructed that a reason-

able mistake as to the complainant's age is a
defense, or, in the alternative, that the charges be
dismissed on the ground that the complainant is
collaterally estopped from asserting that she was
16 since at the time of the offense she stated that
she was 17. Following a hearing, the trial court
denied defendant's motion and entered its opinion
and order to that effect.

During the course of jury voir dire, defendant
asserted his right to represent himself. The trial
court permitted defendant to proceed in his own
defense with his attorney remaining present to
assist defendant. At trial, the complainant testified
that she had voluntarily, though reluctantly, en-
gaged in sexual intercourse with defendant out of
fear that defendant would otherwise harm her.
Defendant tried to impeach the complainant with
questions about her lifestyle to show that she was
"street-wise", but the trial court prohibited this
cross-examination. Defendant was also prohibited
from questioning complainant's mother as to her
daughter's lifestyle.

Sergeant Max Faurot of the Calhoun County
Sheriff's Department was called to testify for the
prosecution. The relevant portions of that testi-
mony follow:

"*Q.* Do you recall whether or not you were dispatched
to Marshall Heights Motel at some point on the morn-
ing of September 24th?

"*A.* Yes, I was.

"*Q.* Do you know with regards to what?

"*A.* Yes, my dispatcher advised that she had a call
from the motel that there had been a rape. That there
had been a rape at that location, that the suspect was
around and in one of the motel rooms, and that the
victim was in the office with the manager of the motel."

The trial court instructed the jury that the defense theory was one of mistake of fact and that defendant reasonably believed that complainant had reached the age of consent. Over defendant's objection, the court later instructed the jury that "[i]t is no defense that the defendant believed that [the complainant] was 16 years old or older at the time of the alleged act".

The defendant was found guilty by the jury of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), and was sentenced to a term of from 5 to 15 years in prison. The Court of Appeals affirmed defendant's conviction in an unpublished per curiam opinion. We granted leave to appeal on August 10, 1982. 414 Mich 868.

## II. REASONABLE-MISTAKE-OF-AGE DEFENSE

A. *The Gengels Decision*

This Court first stated that a good-faith or reasonable mistake as to the complainant's age is not a defense to a statutory rape charge in *People v Gengels,* 218 Mich 632; 188 NW 398 (1922), nearly 61 years ago. In that case, the defendant was convicted under the predecessor to the current criminal sexual conduct statute of carnally knowing a female child under 16 years of age. The defendant testified that the complainant told him that she was 18 years old. This Court reversed the defendant's conviction and granted a new trial on the ground that the prosecutor had impermissibly impeached the defendant by collateral evidence of similar acts. While recognizing that such evidence may be admissible where guilt of a particular crime depends on intent, the Court noted:

"But in the crime charged here proof of the intent

goes with proof of the act of sexual intercourse with a girl under the age of consent. It is not necessary for the prosecution to prove want of consent. Proof of consent is no defense, for a female child under the statutory age is legally incapable of consenting. Neither is it any defense that the accused believed from the statement of his victim or others that she had reached the age of consent. 33 Cyc, p 1438, and cases cited." *Gengels, supra,* p 641.

The *Gengels* decision has only been cited once in this state's courts for the proposition that mistake of age is not a defense to a statutory rape charge. *People v Doyle,* 16 Mich App 242; 167 NW2d 907 (1969), *lv den* 382 Mich 753 (1969).[2] In *Doyle,* the defendant was charged with taking indecent liberties with a female under 16 years of age.[3] The Court of Appeals observed that "[c]urrent social and moral values make more realistic the California view that a reasonable and honest mistake of age is a valid defense to a charge of statutory rape, *People v Hernandez,* 61 Cal 2d 529; 39 Cal Rptr 361; 393 P2d 673 (1964)". *Id.,* p 243. The Court, however, concluded that it was bound to follow the *Gengels* rule and therefore refused to adopt the mistake-of-age defense in indecent liberties cases. Neither in *Gengels* nor in *Doyle* was the constitutionality of the rule prohibiting the defense of a reasonable mistake of age to a statutory rape charge squarely presented.

B. *Is Gengels Still Viable?*

This Court for the first time has the opportunity to review the rule announced in *Gengels* and determine whether it is still viable under the successor provision of the third-degree criminal

---

[2] *Gengels* has also been cited for this rule by the federal courts; see *United States v Mack,* 112 F2d 290, 292 (CA 2, 1940).

[3] MCL 750.336; MSA 28.568 (since repealed by 1974 PA 266).

sexual conduct statute and, if so, whether it comports with a defendant's right to due process.

The statute reads, in relevant part:

"(1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exists:

"(a) That other person is at least 13 years of age and under 16 years of age." MCL 750.520d; MSA 28.788(4).

"Sexual penetration" is defined as:

"[S]exual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MCL 750.520a(h); MSA 28.788(1)(h).

In the present case, defendant directly attacks the constitutionality of the above statute on due process grounds for imposing criminal liability without requiring proof of specific criminal intent, *i.e.,* that the accused know that the victim is below the statutory age of consent. In particular, he argues that the crime of statutory rape is rooted in the common law and, as with other common-law offenses, the element of intent must be implied within the statutory definition of a crime, absent clear legislative language to the contrary.[4] We are urged by defendant to construe the statute's silence with respect to the element of intent as not negating the defense of a reasonable mistake of fact as to the complainant's age.

In support of his argument, defendant relies primarily on two out-of-state cases which represent the minority view that, in a statutory rape prose-

[4] See, *e.g., People v Aaron,* 409 Mich 672, 722-723; 299 NW2d 304 (1980).

cution, an accused's reasonable, though mistaken, belief that the complainant was of the age of consent is a valid defense.[5] *People v Hernandez,* 61 Cal 2d 529; 39 Cal Rptr 361; 393 P2d 673 (1964); *State v Guest,* 583 P2d 836 (Alas, 1978). In both these cases, the Court engrafted a *mens rea* element onto the statutes in question where they were otherwise silent as to any requisite criminal intent.

The vast majority of states, as well as the federal courts, which have considered this identical issue have rejected defendant's arguments and do not recognize the defense of a reasonable mistake of age to a statutory rape charge.[6] For the reasons discussed below, we agree with the majority's position.

After careful examination of the statute in the instant case and its legislative history, we are persuaded that the Legislature, in enacting the new criminal sexual conduct code, 1974 PA 266, intended to omit the defense of a reasonable mistake of age from its definition of third-degree criminal sexual conduct involving a 13- to 16-year-old, and we follow the legislative intention.

---

[5] See generally Anno: *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape,* 8 ALR3d 1100.

A few states have adopted, by statute, the reasonable-mistake-of-age defense in statutory rape cases. See, *e.g.,* Alas Stat § 11.41.445(b); Ariz Rev Stat Ann § 13-1407(B); Ark Stat Ann § 41-1802(3); Ill Ann Stat, ch 38, § 11-4(c) (Smith-Hurd); Ky Rev Stat § 510.030; Mont Code Ann § 45-5-506(1); Wash Rev Code Ann § 9A.44.030(2).

This defense has also been adopted in limited fashion in the 1962 Proposed Draft of the Model Penal Code § 213.6(1), which reads:

"(1) *Mistake as to Age.* Whenever in this Article the criminality of conduct depends on a child's being below the age of 10, it is no defense that the actor did not know the child's age, or reasonably believed the child to be older than 10. When criminality depends on the child's being below a critical age other than 10, it is a defense for the actor to prove that he reasonably believed the child to be above the critical age."

[6] See, generally, cases cited in Anno, fn 5.

First, a general rule of statutory construction is that the Legislature is "presumed to know of and legislate in harmony with existing laws". *People v Harrison,* 194 Mich 363, 369; 160 NW 623 (1916). The Legislature must have been aware of our earlier decision rejecting the reasonable-mistake-of-age defense under the old statutory rape statute. Had the Legislature desired to revise the existing law by allowing for a reasonable-mistake-of-age defense, it could have done so, but it did not do so.[7] This is further supported by the fact that under another provision of the same section of the statute, concerning the mentally ill or physically helpless rape victim, the Legislature specifically provided for the defense of a reasonable mistake of fact by adding the language that the actor "knows or has reason to know" of the victim's condition where the prior statute contained no requirement of intent.[8] The Legislature's failure to include similar language under the section of the statute in question indicates to us the Legislature's intent to adhere to the *Gengels* rule that the actual, and not the apparent, age of the complainant governs in statutory rape offenses.

Second, while the crime of statutory rape has its origins in the English common law,[9] Michigan's

---

[7] See *People v Langworthy,* 416 Mich 630, 644; 331 NW2d 171 (1982), in which this Court, applying the same reasoning, held that the defense of voluntary intoxication was unavailable to a defendant facing a first-degree criminal sexual conduct charge where the statutory language indicated no legislative intent to require proof of specific intent.

[8] MCL 750.520d(1)(c); MSA 28.788(4)(1)(c), formerly MCL 750.341; MSA 28.573 (ravishment of a female patient in an institution for the insane); see *People v Davis,* 102 Mich App 403; 301 NW2d 871 (1980).

[9] For a thorough discussion of the history of statutory rape law, tracing its development from thirteenth-century England, see Myers, *Reasonable Mistake of Age: A Needed Defense to Statutory Rape,* 64 Mich L Rev 105, 109-111 (1965); see also Hall, General Principles of Criminal Law (2d ed), pp 338-339, 373-376.

new criminal sexual conduct statute represents a major attempt by the Legislature to redefine the law of sexually assaultive crimes, including that of statutory rape. See *People v Willie Johnson,* 406 Mich 320, 327; 279 NW2d 534 (1979); *People v Langworthy,* 416 Mich 630, 658; 331 NW2d 171 (1982) (LEVIN, J., *dissenting).* It is well established that the Legislature may, pursuant to its police powers, define criminal offenses without requiring proof of a specific criminal intent and so provide that the perpetrator proceed at his own peril regardless of his defense of ignorance or an honest mistake of fact. *United States v Balint,* 258 US 250, 252; 42 S Ct 301; 66 L Ed 604 (1922); *Williams v North Carolina,* 325 US 226, 238; 65 S Ct 1092; 89 L Ed 1577 (1945), *reh den* 325 US 895 (1945). In the case of statutory rape, such legislation, in the nature of "strict liability" offenses, has been upheld as a matter of public policy because of the need to protect children below a specified age from sexual intercourse on the presumption that their immaturity and innocence prevents them from appreciating the full magnitude and consequences of their conduct.

Analysis of the statutory scheme adopted by the Legislature to define criminal sexual conduct further reveals that the Legislature cannot reasonably be said to have intended that a defense based on reasonable mistake of fact concerning the victim's age be available to persons charged under the act.

We are dealing with a statute, passed by the Legislature just nine years ago, which shows, on its face, that the age of the victim was carefully considered in defining and establishing the severity of the criminal conduct. The age of the victim is balanced against the nature of the sexual con-

duct to establish a graduated system of punishment. See MCL 750.520b-750.520d; MSA 28.788(2)-28.788(4).

Under the prior rape or carnal knowledge statute, sexual penetration of a female under the age of 16 was defined as rape, punishable by life imprisonment or any term of years. 1931 PA 328, § 520. In 1974, when the Legislature revised the law of criminal sexual conduct, it could have retained this definition of "statutory rape" and could have continued to punish it as criminal sexual conduct in the first degree, *i.e.,* by life imprisonment or any term of years. The Legislature chose not to do so. The Legislature, alternatively, could have completely decriminalized consensual sexual activity with a person between the ages of 13 and 16, or, for that matter, it could have made age irrelevant. But it chose not to do so.[10] What the Legislature did choose to do was to create a system of definitions and punishments which considers the age of the victim, the type of sexual contact, and several limited situations in which the relationship of authority between victim and defendant warrant, in the legislative judgment, an increase in punishment.

Thus, the Legislature has determined that sexual penetration of a victim under 13 years of age is first-degree criminal sexual conduct which is punishable by life imprisonment or any term of years. MCL 750.520b(1)(a), 750.520b(2); MSA 28.788(2)(1)(a), 28.788(2)(2). But sexual penetration of a victim 13 or older, but under 16 years of age, is third-degree criminal sexual conduct, with a

[10] The Legislature also could have followed the lead of those states which had previously adopted, by statute, the reasonable-mistake-of-age defense in statutory rape cases. See, *e.g.,* Ill Ann Stat, ch 38, § 11-4(c) (Smith-Hurd). See also the 1962 Proposed Draft of the Model Penal Code § 213.6(1).

maximum punishment of 15 years in prison. MCL 750.520d(1)(a), 750.520d(2); MSA 28.788(4)(1)(a), 28.788(4)(2). However, if the victim is at least 13, but less than 16 years of age, and is a member of the defendant's household or related to the defendant, a person who engages in sexual penetration of that victim is guilty of first-degree criminal sexual conduct and may receive a maximum sentence of life imprisonment. MCL 750.520b(1)(b), 750.520b(2); MSA 28.788(2)(1)(b), 28.788(2)(2).

These discrete choices made by the Legislature evidence careful consideration of age and a deliberate determination to retain the law of statutory rape where the prohibited conduct occurred and the victim was within the protected age group.

One critic has argued that the exclusion of a reasonable-mistake-of-age defense in statutory rape cases is no longer justified given the increased age of consent,[11] the realities of modern society that young teens are more sexually mature, and the seriousness of the penalty as compared with other strict liability offenses.[12] We are not convinced that the policy behind the statutory rape laws of protecting children from sexual exploitation and possible physical or psychological harm from engaging in sexual intercourse is outmoded. Indeed, the United States Supreme Court recently acknowledged the state's authority to regulate the sexual behavior of minors in order to promote their physical and mental well-being, even under a gender-based statutory rape law.[13]

---

[11] The statutory age of consent has gradually risen from the original age of 10 years old to 16 on up to 21, varying among the states. See Myers, fn 9 *supra,* pp 110-111, fn 44.

[12] See Myers, fn 9 *supra,* pp 125-127. The penalty for third-degree criminal sexual conduct is up to a maximum of 15 years imprisonment. MCL 750.520d(2); MSA 28.788(4)(2).

[13] See *Michael M v Superior Court of Sonoma County,* 450 US 464, 472, fn 8; 101 S Ct 1200; 67 L Ed 2d 437 (1981), wherein the Court

C. *Is the Defense of a Reasonable Mistake of Age Constitutionally Mandated?*

Contrary to defendant's contention, the mistake-of-age defense, at least with regard to statutory rape crimes, is not constitutionally mandated. We quote with approval the following language from *Nelson v Moriarty*, 484 F2d 1034, 1035-1036 (CA 1, 1973):

"Petitioner claims that his honest belief that the prosecutrix of the statutory rape charge was over sixteen years of age should constitute a defense, of constitutional dimensions, to statutory rape. The effect of *mens rea* and mistake on state criminal law has generally been left to the discretion of the states. * * * The Supreme Court has never held that an honest mistake as to the age of the prosecutrix is a constitutional defense to statutory rape, * * * and nothing in the Court's recent decisions clarifying the scope of procreative privacy, * * * suggests that a state may no longer place the risk of mistake as to the prosecutrix's age on the person engaging in sexual intercourse with a partner who may be young enough to fall within the protection of the statute. Petitioner's argument is without merit."

Moreover, given the already highly emotional setting of a statutory rape trial, the allowance of a mistake-of-age defense would only cause additional undue focus on the complainant by the jury's scrutinizing her appearance and any other visible signs of maturity. The obvious problem is that because early adolescents tend to grow at a rapid rate, by the time of trial a relatively undeveloped young girl or boy may have transformed into a young woman or man. A better procedure would be to permit any mitigating and ameliorating evidence in support of a defendant's mistaken

upheld, against an equal protection challenge, California's statutory rape law which exclusively punished male perpetrators.

belief as to the complainant's age to be considered by the trial judge at the time of sentencing.[14]

We again note that our decision is in line with the preponderant majority of jurisdictions, both state and federal, which do not recognize the reasonable-mistake-of-age defense for statutory rape offenses and have likewise upheld against due process challenges their respective statutes' imposition of criminal liability without the necessity of proving the defendant's knowledge that the victim was below the designated age. Accordingly, we reaffirm our earlier opinion in *Gengels* and reject the reasonable-mistake-of-age defense for cases brought under § 520d(1)(a) of the third-degree criminal sexual conduct statute.

### III. EVIDENCE OF COMPLAINANT'S LIFESTYLE

Defendant asserts that the trial court denied his Sixth Amendment right of confrontation and cross-examination by precluding any inquiry into evidence of complainant's lifestyle. Defendant maintains that this evidence was essential to impeach complainant's credibility and to show her bias against defendant. Specifically, defendant argues that the evidence would have refuted complainant's testimony that she was naive and unsophisticated and supported his defense of consensual intercourse.

The trial court excluded the evidence on the ground that it was immaterial to the charges in the instant case. The Court of Appeals stated:

[14] See *State v Elton*, 657 P2d 1261, 1262 (Utah, 1982). For example, some mitigating factors which a trial judge may take into consideration in imposing a sentence are the relative ages and relationship of the parties involved. We note that a more sympathetic sentencing situation would have been presented than in the case at bar had a 17-year-old defendant been prosecuted for relations with his almost 16-year-old girlfriend.

"Defendant also argues that the trial court erred in restricting the cross-examination of complainant and her mother with regard to complainant's allegedly 'streetwise' life-style. A trial judge is afforded wide discretionary latitude in limiting cross-examination, and his decision will not be reversed on appeal absent a clear abuse of that discretion. *People v Taylor,* 386 Mich 204, 208; 191 NW2d 310 (1971). Here, defendant was given the opportunity to cross-examine complainant and her mother on all aspects of the case. It was only when the questioning turned to complainant's character and life-style that the court restricted the line of inquiry. We are not persuaded that the court abused its discretion. See 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 401, p 613." Unpublished opinion per curiam of the Court of Appeals, decided September 16, 1981 (Docket No. 52145).

We agree with the conclusion of the Court of Appeals.[15]

In *People v Williams,* 416 Mich 25; 330 NW2d 823 (1982), this Court was confronted with a similar issue in a first-degree criminal sexual conduct case. There we held that evidence of the complainant's reputation as a prostitute was irrelevant to impeach her credibility and to the issue of consent.

The exclusion of evidence regarding complainant's lifestyle is even more compelling in the present case. First, as previously mentioned, there is no issue of consent in a statutory rape charge because a victim below the age of consent is conclusively presumed to be legally incapable of giv-

---

[15] Because we decide this issue, as did the courts below, on the narrow ground that the proffered cross-examination was irrelevant, we need not determine whether Michigan's "rape shield" law, MCL 750.520j; MSA 28.788(10), was applicable to exclude the evidence in this case. See *People v Williams,* 416 Mich 25, 32; 330 NW2d 823 (1982).

ing his or her consent to sexual intercourse.[16]
Second, any evidence that complainant was sexu-
ally experienced would be irrelevant to attack her
character for truthfulness. MRE 608. Finally, we
find no logical connection between such evidence
and complainant's alleged bias in filing charges
against defendant.

Thus, on the basis of the foregoing, we find that
the trial court did not abuse its discretion in
excluding this evidence.

### IV. PROSECUTOR'S IMPROPER ARGUMENT

Defendant refers to several instances during the
trial where he claims the prosecutor improperly
argued or elicited evidence tending to support a
theory of forcible rape. Defendant contends that as
a result he was placed in the predicament of
having to defend against a greater uncharged
offense without fair notice as required by due
process.

The initial reference to forcible rape occurred
during the prosecutor's opening statement when
he argued that complainant was an "unwilling
partner". We find no grounds for reversal given
that defendant's objection to this remark was im-
mediately sustained by the trial court.

Then, on direct examination of the complainant,
the prosecution inquired into evidence of bullet
holes on the dashboard of the car driven by defen-
dant, defendant's use of a razor blade in putting
on the car's license plate, and complainant being
told by defendant that a gun was in the vehicle's
trunk, although the gun was not found at the time

---

[16] *People v Gengels*, 218 Mich 632, 641; 188 NW 398 (1922); *People v
Bennett*, 205 Mich 95; 171 NW 363 (1919).

of arrest. The trial court did not sustain defendant's objections to this questioning.

While we note that these brief references to forcible rape were improvident, we also realize that to a certain extent they were unavoidable, being part of the res gestae of the offense. See *People v Delgado,* 404 Mich 76, 83; 273 NW2d 395 (1978); *People v Bostic,* 110 Mich App 747, 749-750; 313 NW2d 98 (1981). This evidence was necessary to convey to the jury "the complete story", namely, the events leading up to the alleged sexual act, and to explain complainant's covert departure from the motel room and the summoning of the police. See *People v Spillman,* 399 Mich 313, 321; 249 NW2d 73 (1976). However, in view of the overwhelming evidence against the defendant, we find that any error which may have resulted from introduction of this evidence before the jury is harmless beyond a reasonable doubt.[17]

Defendant next singles out the prosecutor's inquiry of the examining physician as to whether he was "an expert in sexual assault matters" as another example of the prosecutor's injection of forcible rape evidence. Again, we find no cause for reversal where the defendant's objection to this particular question was sustained by the trial court.

Last, during closing argument, the prosecutor reminded the jury about the testimony regarding the gun and the knife, but quickly dismissed this testimony and only argued the elements of the charged offense. The defendant did not timely object to this argument at trial. This alleged prejudicial remark by the prosecutor in closing argument where the prejudicial effect was minimal and

---

[17] See *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972); MCL 769.26; MSA 28.1096; GCR 1963, 529.1.

could have been cured by a timely cautionary instruction does not require reversal. See *People v Duncan,* 402 Mich 1, 16-17; 260 NW2d 58 (1977).

Consequently, we find that the prosecutor's argument and introduction of evidence did not deny defendant a fair trial.

## V. CONCLUSION

We find that the Legislature intentionally omitted the defense of a reasonable mistake of age from its statutory definition of third-degree criminal sexual conduct involving a 13- to 16-year-old. Moreover, we hold that this defense is not constitutionally compelled.

Furthermore, we find that the trial court did not abuse its discretion in excluding evidence regarding complainant's lifestyle since such evidence was irrelevant to impeach her credibility or to show her bias toward defendant.

Finally, we find no error requiring reversal in the prosecutor's brief references to evidence of forcible rape in his argument to the jury and on direct examination of the complainant and the examining physician.

Accordingly, we affirm defendant's conviction.

RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with WILLIAMS, C.J.

KAVANAGH, J. *(dissenting).* Defendant was convicted by a jury of criminal sexual conduct in the third degree, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), on March 7, 1980. Prior to trial, defendant moved to be allowed to present the defense of mistake of age, arguing that consciousness of wrongdoing is an essential element of criminal liability. Defendant's motion was denied.

Defendant's entire defense at trial was mistake of fact. He claimed that he honestly believed that the prosecutrix was 17 years of age at the time of the offense. The Court of Appeals affirmed defendant's conviction in an unpublished per curiam opinion.

Michigan has a long history of insistence on the establishment of *mens rea* in felony cases. In *Pond v People,* 8 Mich 150, 174 (1860), Justice CAMPBELL observed:

"A criminal intent is a necessary ingredient of every crime. And therefore it is well remarked by Baron Parke in *Regina v Thurborn,* 2 C & K 832, that 'as the rule of law, founded on justice and reason, is that *actus non facit reum, nisi mens sit rea,* the guilt of the accused must depend on the circumstances as they appear to him.' And Mr. Bishop has expressed the same rule very clearly, by declaring that 'in all cases where a party, without fault or carelessness, is misled concerning facts, and acts as he would be justified in doing if the facts were what he believed them to be, he is legally as he is morally innocent': 1 Bish Cr L, § 242."

Justice FITZGERALD adverted to this principle in quoting Gegan, *Criminal Homicide in Revised New York Penal Law,* 12 NY L Forum 565, 586 (1966), in *People v Aaron,* 409 Mich 672, 708; 299 NW2d 304 (1980):

" 'If one had to choose the most basic principle of the criminal law in general * * * it would be that criminal liability for causing a particular result is not justified in the absence of some culpable mental state in respect to that result * * *.' "

Disallowing a defense of reasonable mistake of fact obviates proof of *mens rea*. While this practice has been approved in misdemeanor cases, we are cited no case, nor has our research uncovered one,

wherein this Court has sanctioned it in felony cases.

Recognizing the defense of a reasonable mistake of age to a charge of statutory rape, however, does not imply that the defendant must have in fact known the person was under age. Instead, when the defense is raised, the factfinder need only determine whether the defendant honestly believed that the prosecutrix was an adult and, if so, whether the belief was reasonable.

Reasonable mistake of age should not be confused with the rule that a person under the statutory age is legally incapable of consent. Consent of the underage person is not the issue here. It is the defendant's state of mind. The gravamen of the charged offense is voluntary intercourse with an underage person. Just as proof of coercion of a defendant would defeat the charge, so should defendant's reasonable mistake of the fact of age. In neither instance could there be *mens rea,* for in each case there would be no free election to do the thing forbidden.

LEVIN, J., concurred with KAVANAGH, J.