*137 MARKMAN, J.
{concurring). I concur fully with the lead opinion, but write separately to articulate why the rule proposed in Justice CORRIGAN’S dissent is particularly unfair in the context of the criminal sexual conduct (CSC) statutes, which are at issue in this case.
Generally, a “degreed” offense criminalizes a single act and defines the maximum punishment for that act on the basis of the circumstances underlying its commission. For example, the home invasion statute criminalizes the act of breaking and entering a dwelling or entering a dwelling without permission. However, a defendant’s maximum term of incarceration is determined by the circumstances surrounding the commission of that act. Thus, a defendant who intends to commit or actually commits a felony while engaged in that criminal act is guilty of first-degree home invasion and subject to a statutory maximum sentence of 20 years in prison. MCL 750.110a(2) and (5). A defendant who intends to commit or actually commits a misdemeanor while engaged in that same criminal act is guilty of third-degree home invasion and is subject to a maximum penalty of five years in prison. MCL 750.110a(4) and (7). However, in either case, a defendant charged with home invasion is on notice that he or she has been charged with a single criminal act— breaking and entering or entering without permission —and that his or her term of incarceration will be determined by the circumstances surrounding the commission of that act.
In contrast, the CSC statutes are unique among the “degreed” offenses because they apply to related, but distinct, criminal sexual acts — criminal sexual penetration and criminal sexual contact. In order to obtain a conviction for first-degree CSC (CSC-I) or third-degree CSC (CSC-III), the prosecutor must prove that the *138 defendant engaged in “sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person’s body or of any object into the genital or anal openings of another person’s body,” MCL 750.520a(p), under one of a variety of circumstances. MCL 750.520b(l) and 750.520d(l). Thus, the relationship between CSC-I and CSC-III is exactly the same as the relationship between other “degreed” offenses, such as home invasion. A defendant charged with CSC-I or CSC-III has notice that he or she is being charged with a single criminal offense — sexual penetration — and that the potential term of incarceration will be determined on the basis of the circumstances surrounding the commission of that offense. However, in order to obtain a conviction for second-degree CSC (CSC-II) or fourth-degree CSC (CSC-IV), the prosecutor must prove that the defendant engaged in the conduct that involved “intentional touching of the victim’s or actor’s intimate parts or the intentional touching of the clothing covering the immediate area of the victim’s or actor’s intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for: (i) [r]evenge[,] (ii) [t]o inflict humiliation [, or] (iii) [o]ut of anger,” MCL 750.520a(o), under one of a variety of circumstances. MCL 750.520c(l) and 750.520e(l). In other words, CSC-II and CSC-IV not only contemplate a different criminal act than CSC-I or CSC-III — sexual contact instead of sexual penetration — but also include an intent element that the prosecutor is not required to prove in order to obtain a conviction for CSC-I or CSC-III. That is, the prosecutor need only prove sexual penetration to obtain a conviction for CSC-I or CSC-III, while the prosecutor must prove both sexual contact and a bad intent to obtain a conviction for CSC-II or CSC-IV
*139 Thus, a defendant who is bound over or indicted for CSC-I on the basis of an allegation of sexual penetration has no notice that he or she is also subject to incarceration for engaging in sexual contact with the victim.[1] In the instant case, defendant likely failed to object to or otherwise refute the introduction of a statement he made to the police admitting sexual contact, because it was not relevant to his defense that no sexual penetration had occurred. Moreover, defendant would not have had a strong motivation to object to or otherwise refute any evidence offered by the prosecutor regarding his “intent” in engaging in sexual contact with the victim, because such intent is not relevant in a prosecution for CSC-I and it is not incompatible with the claimed defense that no penetration occurred. Indeed, allowing the admission may have been compatible with a potential defense that the victim exaggerated her encounter with defendant and that, while he may have done something inappropriate, he did not commit CSC-I.[2] *140 Allowing that evidence to be used subsequently to convict the defendant of a separate and distinct offense for which he was not even charged is inherently unfair and, in my judgment, violates a defendant’s fundamental right to due process. I see little difference in a constitutional sense between defendant in this case, who was convicted of the uncharged offense of CSC-II, and a defendant who was charged with, but ultimately acquitted of, assault with intent to murder, but who was nevertheless convicted of an uncharged felonious assault on the basis that the elements of that offense were proven at trial.
The dissent argues that our decision in People v Tombs, 472 Mich 446; 697 NW2d 494 (2005), “has obviously modified our understanding of the intent required to prove CSC I.” Post at 163. In Tombs, supra at 451, this Court stated that “we tend to find that the Legislature wanted criminal intent to be an element of a criminal offense, even if it was left unstated.” According to the dissent, Tombs calls into question our assertion in People v Lemons, 454 Mich 234, 253; 562 NW2d 447 (1997), that “[sjexual penetration [under CSC-I] can be for any purpose.” Rather, the dissent argues, a “penetration committed without a criminal purpose would likely fail to satisfy the mandates of Tombs” Post at 163 (emphasis in original). I disagree. Tombs did not do away with “strict liability” offenses, but instead correctly acknowledged that such offenses are generally disfavored. One “strict liability” offense that has been recognized by this Court for 85 years is the act of committing sexual penetration with a victim under the age of 16. People v Gengels, 218 Mich 632; 188 NW 398 *141 (1922). In Gengels, the defendant was charged under the former statutory rape statute, MCL 750.520, which prohibited “carnal knowledge of a female under 16.” The defendant argued that the victim told him she was 18 and, therefore, he was entitled to a defense based on a good-faith or reasonable mistake of age. We rejected such a defense:
But in the crime charged here proof of the intent goes with proof of the act of sexual intercourse with a girl under the age of consent. It is not necessary for the prosecution to prove want of consent. Proof of consent is no defense, for a female child under the statutory age is legally incapable of consenting. Neither is it any defense that the accused believed from the statement of his victim or others that she had reached the age of consent. [Id. at 641.]
Sexual penetration of a victim under the age of 16 remains a strict liability offense under the current criminal sexual conduct statutes. People v Cash, 419 Mich 230, 240; 351 NW2d 822 (1984).[3] In Cash, the defendant was charged with CSC-III but asserted that he was entitled to a “reasonable mistake of age” defense. This Court noted that Gengels is consistent with the rule of the vast majority of states, and of the federal *142 courts, rejecting the “reasonable mistake of age” defense. Id. Moreover, Gengels is consistent with the common-law definition of “statutory rape” as a strict liability offense. Because there was no indication that the Legislature intended to abrogate the common law, this Court held that sexual penetration of a victim who is at least 13 but less than 16 constitutes a strict liability offense and, therefore, “reasonable mistake of age” is not a defense. Id. at 250.
In the instant case, defendant was charged with the sexual penetration of a victim who is at least 13 but less than 16. Had defendant met a victim of the same age on the street and engaged in the same conduct as was charged, he would have been strictly liable for CSC-III. MCL 750.520d(l)(a). However, because defendant is “in a position of authority over the victim and used this authority to coerce the victim to submit,” MCL 750.520b(l)(b)(iii), the presence of that additional aggravating fact subjects him to punishment for CSC-I. The existence of an aggravating fact does not impose a new mens rea on an act for which defendant would otherwise be strictly liable under the CSC-III statute. Because defendant remains strictly liable for engaging in the sexual penetration of the underage victim in this case, I do not believe that Tombs requires any showing of criminal intent.[4]

 While the statutes clearly identify CSC-II as a lesser degree of CSC-I, and CSC-IV as a lesser degree of CSC-III, it is critical to recognize that the statutes apply to two essentially distinct and separate criminal acts, each of which requires distinct and separate proofs. This is roughly the equivalent of the Legislature combining the assault and arson statutes, or similarly unrelated statutes, into a new “threatening conduct” statute and then dividing that statute into degrees. Under that scenario, a defendant charged with “first-degree threatening conduct (arson)” could not reasonably be expected to prepare for trial and be fairly placed on notice that he or she could also be convicted of an uncharged assault simply because that assault is labeled as “second-degree threatening conduct (assault).” Similarly, when defendant was charged with CSC-I, he was placed on notice that he was subject to incarceration for committing a criminal sexual penetration. However, charging him with CSC-I did not fairly notify him that he was also subject to incarceration for an essentially distinct and separate criminal act, CSC-II.

 As the dissent correctly notes, defendant’s theory of the case was that no sexual contact of any kind occurred between himself and the victim. However, the critical fact remains that defense counsel had no incentive to challenge the admission of the confession because it was not relevant *140 to the charge of CSC-I and because it could have potentially formed the basis of a different theory of defense — namely that the victim had exaggerated the incident.

 Neither Justice Corrigan nor Justice Young disputes that CSC-I and CSC-III are, in certain circumstances, strict liability offenses. Given that understanding, the dissenters’ argument that CSC-II is a necessarily included lesser offense of CSC-I cannot be maintained. An offense is considered a “necessarily included lesser offense” when “ ‘it is impossible to commit the greater without first having committed the lesser.’ ” People v Cornell, 466 Mich 335, 345; 646 NW2d 127 (2002) (citation omitted). A defendant may be convicted of CSC-I without the jury making any finding at all regarding a criminal intent. However, in order to obtain a conviction for CSC-II, the jury must always find beyond a reasonable doubt that the defendant intended to commit an act that can “reasonably he construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner.” Because it is possible to commit CSC-I without having first committed CSC-II, the latter is a cognate lesser offense and, pursuant to Cornell, may not be considered.

 Even if I were to agree that the Legislature did not wish to dispense with a criminal intent requirement for the crime of CSC-I, I would still concur with the lead opinion that CSC-II is not a necessarily included lesser offense of CSC-I. As noted by the lead opinion, CSC-I can be committed in a variety of ways without impheating one of the CSC-II states of mind. Ante at 135 n 55.